39 Cal.2d 41 (1952)
244 P.2d 403
In re Troy M. Levi, on Behalf of EDDIE D. LEVI, on Habeas Corpus.
Docket No. Crim. 5282.
Supreme Court of California. In Bank.
May 19, 1952.
*43 David A. Fall for Petitioner.
Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Winslow Christian, Deputy Attorney General, for Respondent.
TRAYNOR, J.
Troy Levi seeks a writ of habeas corpus on behalf of his brother, Eddie Levi, an inmate of the California Institution for Men at Chino. Eddie Levi, hereinafter referred to as petitioner, was committed for the offense of assault by means of force likely to produce great bodily harm. (Pen. Code, § 245.) He contends that his detention is unauthorized because his constitutional rights were violated in proceedings leading to his confinement.
He was arrested in June, 1950, after inflicting severe wounds on one Everett Sykes with a pocket knife. The cause was submitted on the transcript of the preliminary hearing and the trial court, sitting without a jury, found him guilty of assault with intent to commit murder. On September 27, 1950, after hearing his application for probation and motion for a new trial, the court denied his motion for a new trial, reduced the offense to assault by means of force likely to produce great bodily harm, ordered that proceedings be suspended, and placed him on probation for five years on condition that he serve one year in the county jail "with good time allowed." Approximately five days after his release from the county jail, he was arrested for intoxication and sentenced to four days in jail. The probation officer filed a report that he was not a suitable subject for probation and should be sentenced to prison. On September 5, 1951, the court revoked probation and pronounced judgment. Petitioner was sentenced to the state prison for the term prescribed by law for the offense of an assault by means of force likely to produce great bodily harm. The entire transcript of the proceedings on September 5th is set out in the footnote.[*]
*44 Petitioner contends that his confinement is illegal on the grounds that he did not receive notice of the hearing preceding revocation of probation, that he was not represented by counsel at the hearing, and that he was not given the opportunity to summon witnesses in his behalf. Petitioner does not thereby show grounds for issuance of habeas corpus. [1] There is neither a constitutional nor a statutory right to a hearing preceding revocation of probation. (In re Davis, 37 Cal.2d 872, 873-874 [236 P.2d 579].) [2] If a hearing is held, it is not governed by the rules concerning formal criminal trials. [3] The court may revoke probation solely on the basis of the probation officer's report. (In re Dearo, 96 Cal. App.2d 141, 143 [214 P.2d 585].) There is no right to present witnesses. (People v. Hayden, 99 Cal. App.2d 97, 99 [221 P.2d 221].) [4] The constitutional right to have counsel in "criminal prosecutions" (art. I, § 13) is not applicable since a probation proceeding is not part of a "prosecution." (In re Dearo, supra, 96 Cal. App.2d 141, 143; People v. Fields, 88 Cal. App.2d 30, 33 [198 P.2d 104].)
Although the foregoing contentions are without merit, the record discloses a serious defect in the proceedings in the trial court. It will be recalled that this case is not one in which judgment was pronounced and execution of sentence suspended during probation. (Cf. In re Davis, supra; People v. Blankenship, 16 Cal. App.2d 606 [61 P.2d 352].) Instead, sentence and judgment were never imposed until the date of revocation of probation. The record shows that petitioner was not represented by counsel at that time, although the Constitution provides that "in criminal prosecutions, in any court whatever, the party accused shall have the right ... to appear *45 and defend, in person and with counsel." (Art. I, § 13.) The question thus arises whether the fact that petitioner was not represented by counsel at the time of pronouncement of judgment requires that the judgment be set aside on habeas corpus.
[5] With certain exceptions not applicable here (see In re Ralph, 27 Cal.2d 866, 872 [168 P.2d 1] [sentence following decision on appeal]; People v. Brown, 102 Cal. App.2d 60, 62-63 [226 P.2d 609] [sentence after exercising reasonable diligence to procure missing defendant and finding that it is in interest of justice to pronounce judgment in his absence]; People v. Weinstein, 298 Ill. 264, 268 [131 N.E. 631 [accused absconded after verdict]), judgment and sentence in felony cases may be imposed only in the presence of the accused. [6] If judgment is pronounced in his absence, and no justifying circumstances are shown, the judgment must be set aside. (People v. Brown, supra; People v. Fields, 88 Cal. App.2d 30, 33 [198 P.2d 104]; In re Klein, 75 Cal. App.2d 600, 603 [171 P.2d 471]; People v. Hawthorne, 63 Cal. App.2d 262, 264 [146 P.2d 517]; see People v. Williams, 24 Cal.2d 848, 853 [151 P.2d 244]; Staples v. Commonwealth, 140 Va. 583, 587 [125 S.E. 319]; Siegel v. State, 201 Wis. 12, 17 [229 N.W. 44]; cases collected in 24 C.J.S., Criminal Law, § 1574.)
[7] A defendant has substantial rights at the time he is arraigned for judgment, because he may be able to show good cause why the judgment should not be pronounced against him. (Pen. Code, §§ 1200, 1201; see People v. Sarazzawski, 27 Cal.2d 7, 18 [161 P.2d 934]; People v. Hawthorne, 63 Cal. App.2d 262, 264 [146 P.2d 517]; People v. Megladdery, 40 Cal. App.2d 748 [106 P.2d 84]; People v. Prudencio, 93 Cal. App. 241, 246 [269 P. 698].) He may be able to show that there is good cause to believe that he is insane (Pen. Code, § 1201(1); see People v. Jackson, 105 Cal. App.2d 811, 814-815 [234 P.2d 261]), or that there is good cause to order a new trial (Pen. Code, §§ 1201(2), 1181),[**] or that there is good cause to grant a motion in arrest of judgment. (Pen. Code, §§ 1201(2), 1185.) If judgment is pronounced in his absence, he is deprived of these rights.
Some states hold that the right of an accused to be present *46 in court when judgment is pronounced against him does not include the right to have counsel present at that time. (See 24 C.J.S., Criminal Law, § 1574a.) [8] In this state, however, it has been held that an arraignment for judgment is a "criminal prosecution" within the meaning of article I, section 13, and that an accused therefore has the right to counsel at the time of pronouncement of judgment. (People v. Fields, 88 Cal. App.2d 30, 33 [198 P.2d 104].) [9] The Fields case involved an appeal and is thus not directly in point, but we have concluded that a judgment pronounced in the absence of counsel is also vulnerable to attack by habeas corpus. It would be anomalous to hold that a defendant's personal presence is so important that he may set aside the judgment on collateral attack and yet to hold that the constitutional right to counsel is not of equal importance. A defendant's presence gives him an opportunity to show legal cause why judgment should not be pronounced against him. The average defendant, however, would be helpless to establish such cause without the aid of counsel. (See In re James, 38 Cal.2d 302, 309 [240 P.2d 596], and cases cited therein.) Moreover, a defendant has the right to appeal from the judgment. (Pen. Code, § 1237; In re Davis, 37 Cal.2d 872, 875 [236 P.2d 579].) When judgment is pronounced in the absence of counsel, there is danger that the defendant might allow the time for notice of appeal to run in ignorance of his rights, and thus lose his opportunity to obtain review of the judgment. (Rules on Appeal, rule 31; see People v. Slobodion, 30 Cal.2d 362, 365 [181 P.2d 868]; People v. Lewis, 219 Cal. 410, 413-414 [27 P.2d 73].)
The attorney general contends that the Fields case is in conflict with three earlier cases. (People v. Henry, 86 Cal. App.2d 785, 790 [195 P.2d 478]; People v. Hawthorne, 63 Cal. App.2d 262, 266 [146 P.2d 517]; People v. Swift, 140 Cal. App. 7 [34 P.2d 1041].) In the Swift case the defendant was represented by counsel at the time of pronouncement of judgment. In the Henry and Hawthorne cases the defendants were personally present at the time judgment was entered, but it cannot be ascertained from the opinions whether they were represented by counsel. The only question presented to the courts in those cases, however, was the effect of the failure of the trial court to arraign the defendants for judgment pursuant to Penal Code section 1200, a question not raised by petitioner in the present case.
[10] The trial court did not inform petitioner that he had *47 a right to counsel. It did not ask him if he had any legal cause to show why judgment should not be pronounced against him. It made no attempt to ascertain if he understood the pleas and defenses available under section 1201 of the Penal Code. The report of the probation officer is in the record and shows that petitioner has only a fifth grade education and is of "dull mentality." His failure to request counsel cannot therefore be amplified into a waiver of his right to counsel. (In re James, supra, 38 Cal.2d 302, 313; People v. Chesser, 29 Cal.2d 815, 824 [178 P.2d 761]; cf. In re Tedford, 31 Cal.2d 693, 695 [192 P.2d 3]; In re Jingles, 27 Cal.2d 496, 498 [165 P.2d 12].)
[11a] Petitioner has requested that he be "restored to liberty" if the writ is granted. Nothing in his petition or the record, however, shows that there is any defect in the adjudication of guilt. The error in the pronouncement of judgment does not require either his release or a new trial. (In re McCoy, 32 Cal.2d 73, 77 [194 P.2d 531]; In re Mize, 11 Cal.2d 22, 26-27 [77 P.2d 472]; People v. Fields, 88 Cal. App.2d 30, 33 [198 P.2d 104]; State ex rel. Shetsky v. Utecht, 228 Minn. 44, 54 [36 N.W.2d 126]; Staples v. Commonwealth, 140 Va. 583, 587 [125 S.E. 319].) [12] The delay since revocation of probation has not caused the trial court to lose jurisdiction to pronounce a valid judgment. (See People v. Williams, 24 Cal.2d 848, 854 [151 P.2d 244].) If petitioner should again be sentenced to prison, his confinement based upon the invalid judgment will be credited upon the new commitment. (Pen. Code, § 2900.1.)
[11b] The petitioner is discharged from the custody of the authorities at the California Institution for Men at Chino and committed to the custody of the sheriff of Los Angeles County with directions that petitioner be arraigned for pronouncement of judgment in accord with this opinion.
Gibson, C.J., Shenk, J., Edmonds, J., Schauer, J., and Spence, J., concurred.
CARTER, J.
I concur in the conclusion reached but since the holding of the majority is based in part upon In re Davis, 37 Cal.2d 872 [236 P.2d 579], in which I dissented, I withhold my approval from the portion of the decision of the court in this case which is supported by what I believe to be an erroneous holding in In re Davis, supra.
NOTES
[*] Los Angeles, California, Wednesday, September 5, 1951, 10:52 a.m.

On the above date the defendant appeared in court In Propria Persona; the People being represented by William O. Russell, Deputy District Attorney of Los Angeles County; and also present, B.E. McEveety, Deputy Probation Officer; the following proceedings were had, to wit:
(August J. Goebel, Reporter.)
THE COURT: People v. Eddie D. Levi.
Mr. Levi, they tell me you have had some more trouble since you were out.
THE DEFENDANT: I went to Pedro to my brother's 
THE COURT: You got into some sort of a drunken brawl?
THE DEFENDANT: No. They say I was drunk.
THE COURT: Yes. Your wife has never come out here and your children are still back in Chicago, is that correct?
THE DEFENDANT: Sure.
THE COURT: Well, because of the serious nature of your offense and because the Court specifically admonished you that you were not under any circumstances to use intoxicating liquor and because you rewarded the consideration that was given you by going out and getting drunk within five days after your release, your probation is revoked.
It is the judgment and sentence of the Court that for the offense of Assault By Means of Force Likely To Produce Great Bodily Harm, that you be now confined in the state prison for the term prescribed by law.
You are remanded into the custody of the Sheriff to be by him delivered into the custody of the Department of Corrections to serve the sentence.
You are remanded to custody.
[**] In the present case, however, the fact that petitioner made a motion for a new trial following his conviction in 1950 would deprive the trial court of jurisdiction to entertain a second motion for a new trial at the time of pronouncement of judgment. (People v. Martin, 199 Cal. 240, 242 [248 P. 908]; People v. Collins, 97 Cal. App.2d 552, 554 [218 P.2d 87].)