[Crim. No. 5401. In Bank. Apr. 24, 1953.]

In re CARROLL EUGENE ROBERTS, on Habeas Corpus.

Carroll Eugene Roberts, in pro. per., and Albert S. Friedlander, under appointment by the Supreme Court, for Petitioner.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GIBSON, C. J.—In June 1950 Roberts was arraigned before the Superior Court of Los Angeles County on an information containing three counts of forgery and a charge of prior conviction for theft of an automobile in violation of section 503 of the Vehicle Code. Two of the counts were dismissed after Roberts pleaded guilty to the third count and admitted the prior conviction. The court suspended proceedings without pronouncing judgment and put Roberts on probation for five years. Thereafter he was arrested for violation of the National Motor Vehicle Theft Act (18 U.S.C.A. §§ 2311-2313) and was placed in the Los Angeles county jail to await trial on the federal charge. On June 25, 1951, after revocation of probation, Roberts was taken before the superior court, which pronounced judgment on the forgery charge and sentenced him for the term prescribed by law. Although Roberts was represented by an attorney at all prior proceedings, he was without counsel when judgment and sentence were pronounced.

By this proceeding in habeas corpus Roberts seeks his release from San Quentin, where he is now confined, contending that the trial court was without jurisdiction to pronounce judgment on the forgery charge because it failed to act within 30 days after being notified that he had been placed in jail on the federal charge, that he was unlawfully taken from the jail where he was being held under federal authority and brought before the Superior Court of Los Angeles County, and that he was deprived of counsel at the time judgment and sentence were pronounced.

Roberts asserts that the superior court was notified on May 20, 1951, that he had been put in jail by the federal authorities pending trial for violation of the National Motor Vehicle Theft Act, and that since he had been granted probation on the forgery charge and no sentence had been previously imposed, section 1203.2a of the Penal Code required the court to pronounce judgment within 30 days after receipt of such notice. ■ Section 1203.2a provides that the court which has released a defendant on probation must sentence him

within 30 days after receiving notice of his commitment for another offense or be deprived of any jurisdiction over him in the case in which he was granted probation. The section, however, applies only to a probationer who is subsequently "committed to a prison" following conviction on another charge, and it does not require a court to act within the specified time where, as here, there has been merely an arrest and detention of the probationer pending trial. (See *People* v. *Williams*, 24 Cal.2d 848, 853 [151 P.2d 244]; *In re Klein*, 75 Cal.App.2d 600, 602 [171 P.2d 471].)

■ There is no merit in Roberts' claim that the superior court had no jurisdiction because he was unlawfully removed from the county jail where he was being held under federal authority. The Attorney General of the United States has power to surrender a prisoner to state officers (see *United States [ex rel. Buchalter]* v. *Lowenthal,* C.C.A.A.N.Y., 108 F.2d 863; *Application of Buchalter,* D.C.N.Y., 54 F.Supp. 444, affd. 141 F.2d 259, cert. den. 321 U.S. 780 [64 S.Ct. 633, 88 L.Ed. 1072]), and in the absence of proof to the contrary we may presume that official duty was done and that such consent was given. (Code Civ. Proc., § 1963, subds. 15, 33.)

■ It seems clear, however, that Roberts was entitled to counsel when judgment was pronounced and sentence imposed on the forgery charge and that he was deprived of that right in violation of article I, section 13, of our Constitution. (See *In re Levi*, 39 Cal.2d 41, 45-46 [244 P.2d 403]; *People* v. *Fields*, 88 Cal.App.2d 30, 33 [198 P.2d 104]; *cf. In re Davis,* 37 Cal.2d 872, 875 [236 P.2d 579].) There is nothing in the record to indicate that Roberts was ever informed of his right to counsel or that he knew he was entitled to the aid of an attorney. There was no express waiver of the right, and we are of the opinion that none may be implied. (See *In re Levi*, 39 Cal.2d 41, 46-47 [244 P.2d 403].) The judgment must therefore be set aside and the matter remanded to permit Roberts to be arraigned with counsel.

■ The record indicates that the sentence imposed on Roberts under the prior conviction expired in November 1952, but it does not follow that he is entitled to his liberty. As stated in *In re Levi*, 39 Cal.2d 41, 47 [244 P.2d 403], "The delay since revocation of probation has not caused the trial court to lose jurisdiction to pronounce a valid judgment. (See *People* v. *Williams*, 24 Cal.2d 848, 854 [151 P.2d 244].) If petitioner should again be sentenced to prison, his confinement based upon the invalid judgment will be credited

upon the new commitment. (Pen. Code, § 2900.1.)'' ▮ In this connection, Roberts asserts that he is entitled to his release on the theory that any sentence for the offense of forgery must be held to have run concurrently with the earlier sentence. (See Pen. Code, § 669.) His argument is that the word concurrent means not only that the sentences are to run together, but that they are to start and end together, and hence that the new term necessarily terminated at the same time as the prior one. It would seem clear, however, that sentences may be concurrent, i.e., may run together, without either starting together or ending together. What is meant is that they run together during the time that the periods overlap. ▮ Section 669 of the Penal Code permits the imposition of concurrent sentences when a defendant is convicted of two or more crimes in the same proceeding and court or in different proceedings or courts, and it contemplates having a second sentence run concurrently where, as here, the defendant has already served part of the term imposed for the prior conviction, but there is no provision that the first term operates to terminate or reduce the second or subsequent term.

The petitioner is discharged from the custody of the warden at San Quentin and committed to the custody of the sheriff of Los Angeles County.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.