[Crim. No. 6368.   In Bank.   Mar. 10, 1959.]

In re CHARLES HOWARD BOYCE, on Habeas Corpus.

Charles Bagby, under appointment by the Supreme Court, for Petitioner.

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, Arlo E. Smith and Preble Stolz, Deputy Attorneys General, for Respondents.

SHENK, J.—In this proceeding the petitioner, Charles Howard Boyce, seeks a writ of habeas corpus while confined in the state prison at Soledad under a 1957 judgment of conviction of burglary. It is contended that, because he was denied the right of counsel at the time he was sentenced, his present confinement is illegal.

The attorney general, in behalf of Lawrence E. Wilson, superintendent of the prison at Soledad, has filed a return consisting in part of excerpts from the clerk's minutes in the criminal proceedings. (*People* v. *Charles Howard Boyce, No. 8186,* Kern County Superior Court.)   It appears from

the minutes that on the 20th day of November, 1957, the petitioner entered a plea of guilty while present in court with his counsel, and that on November 27, 1957, the petitioner, through his counsel, applied for probation. The application for probation was denied on December 18, 1957, and it further appears from the minutes of that day that the "defendant was duly informed by the Court of the complaint filed against him [and] . . . of his arraignment and plea of guilty in Municipal Court under the provisions of section 859a of the Penal Code.

"The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him, to which defendant replied that he had none. And, no sufficient cause being shown or appearing to the Court, thereupon the Court rendered its judgment [sentencing petitioner to prison for the term prescribed by law]. . . ."

The attorney general concedes in his return that the petitioner was not represented by counsel when sentenced.

■ It was held in the case of *In re Roberts*, 40 Cal.2d 745 [255 P.2d 782], that a defendant is entitled to counsel when judgment is pronounced and sentence imposed, and that a deprivation of that right is a violation of article I, section 13 of the Constitution.* In that case it appeared that the defendant had been represented by counsel at all prior stages of the proceedings, but that he was without counsel at the time the judgment and sentence were pronounced. The court stated at page 748 : "There is nothing in the record to indicate that Roberts was ever informed of his right to counsel or that he knew he was entitled to the aid of an attorney. There was no express waiver of the right, and we are of the opinion that none may be implied. (See *In re Levi*, 39 Cal.2d 41, 46-47 [244 P.2d 403].) The judgment must therefore be set aside and the matter remanded to permit Roberts to be arraigned with counsel."

■ In the case of *In re Levi*, 39 Cal.2d 41 [244 P.2d 403], it appears that following revocation of probation the defendant was sentenced without the presence of counsel. The court held that judgment pronounced in the absence of counsel, as in the case of that pronounced in the absence of the defendant, is vulnerable to attack by habeas corpus for the reason that

---

*Article I, section 13 provides in part: "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial; to have the process of the court to compel the attendance of witnesses in his behalf, and to appear and defend, in person and with counsel. . . ."

certain rights available to the defendant at that time would normally not be understood and taken advantage of unless counsel were present. The court ordered the transfer of the petitioner to the custody of the sheriff with directions that he again be arraigned for pronouncement of judgment. The attorney general in the present case concedes that the Levi case "is substantially indistinguishable from the instant case and therefore recommends that the writ issue releasing the petitioner from the custody of the Superintendent of the California State Prison at Soledad and committing the petitioner to the custody of the Sheriff of Kern County to be arraigned for the pronouncement of judgment."

In view of the showing made on the return of the order to show cause, together with the recommendation of the attorney general, we are committed by the Roberts and Levi cases to order the issuance of the writ but for the limited purpose stated in those cases.

Accordingly the judgment is set aside and the custody of the petitioner is ordered transferred from the Superintendent of the California State Prison at Soledad to the Sheriff of Kern County for rearraignment, judgment and sentence by the court with counsel in attendance.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

McComb, J., concurred in the order.