[Crim. No. 6641.   In Bank.   Nov. 15, 1960.]

In re LUCY TURRIETA on Habeas Corpus.

818

Albert M. Bendich and H. Leroy Cannon for Petitioner.

Stanley Mosk, Attorney General, Arlo E. Smith and John S. McInerny, Deputy Attorneys General, John A. Nejedly, District Attorney (Contra Costa), and Samuel D. Mesnick, Deputy District Attorney, for Respondents.

WHITE, J.—Albert M. Bendich and H. Leroy Cannon seek a writ of habeas corpus for and on behalf of Lucy Turrieta, hereinafter referred to as the petitioner, on the ground that she was not properly advised of her right to counsel (Cal. Const., art I, § 13) in proceedings for sentencing following the revocation of her probation after conviction.

The petitioner, on November 7, 1957, in justice court, pleaded guilty to two charges of petty theft. The record shows that she was advised of her legal rights, and an affidavit of the trial judge satisfactorily discloses that she, at that time, waived counsel. On December 3, 1957, proceedings were suspended, and she was placed on probation for two years. On November 6, 1959, almost two years later, her probation was revoked for violation of one of the conditions thereof, and the court then sentenced her to six months in the county jail. The petition states, and opposing counsel do not dispute, that

the petitioner was not advised of her right to counsel at the time sentence was pronounced.

While the constitutional right to counsel does not apply to a revocation of probation (see *In re Davis,* 37 Cal.2d 872 [236 P.2d 579] ; *In re Dearo,* 96 Cal.App.2d 141 [214 P.2d 585]), there can be no doubt that the right applies to proceedings for the pronouncement of judgment after revocation of probation granted without imposing sentence. (*In re Boyce,* 51 Cal.2d 699 [336 P.2d 164] ; *In re Roberts,* 40 Cal.2d 745 [255 P.2d 782] ; *In re Levi,* 39 Cal.2d 41 [244 P.2d 403].) The right, however, is subject to waiver and the question in the present case is whether the petitioner, having waived her right to counsel in November 1957, thereby waived her right for the purpose of the subsequent proceedings, two years later, wherein sentence was imposed.

There are good reasons why a defendant should be advised of his right of counsel and either then freely and understandingly waive that right or be represented by counsel when sentence is pronounced. It may at that time be shown that there is good cause to believe that a defendant is insane (Pen. Code, § 1201, subd. 1), that a new trial should be ordered (Pen. Code, §§ 1181, 1201, subd. 2), or that a motion in arrest of judgment should be granted (Pen. Code, §§ 1185, 1201, subd. 2). (*In re Levi, supra,* 39 Cal.2d 41, 45 [244 P.2d 403].) Moreover a defendant has a right to appeal from the judgment. The average defendant, however, without the aid of counsel, is helpless to establish legal cause why judgment should not be pronounced against him, or properly to take his appeal. For these reasons and others the assistance of counsel at the time of sentencing is necessary in order to accord to the defendant the full advantage of his constitutional rights unless, as stated, a knowledgeable waiver of those rights has been intelligently made.

The petitioner in the present case is a 24-year-old mother of four, and, with welfare assistance, is the sole support of her family. She was married in 1952, and her husband deserted her two months later. One child was born of that marriage. She since has had two children by a Mexican national, who is no longer in this country. One of the conditions of her probation imposed in December 1957, was that she "not establish any other extra marital relationships." The revocation of probation followed the birth of her fourth child in October 1958. The petitioner is relatively uneducated, having left school in the eighth grade. The probation report

discloses that she lacked an understanding of the legal consequences of the proceedings, and her statement appears therein as follows: ''I don't unestard [*sic*] why I am hear [*sic*] and I don't remember anything I did in the year 1956 or what I told then [*sic*] at the welwarelf [*sic*] in pittsburg [*sic*].'' The petitioner has had no prior experiences in the criminal courts.

It appears that this court has not yet held that a defendant's rights are unduly infringed by the failure to advise him of his right to counsel where there has been an admonition as to that right and a waiver thereof earlier in the proceedings. In fact, in our recent decisions on related issues wherein we have granted relief we have noted in doing so that there had been no prior waiver of counsel (*In re Boyce, supra,* 51 Cal.2d 699, 700 [336 P.2d 164] ; *In re Roberts, supra,* 40 Cal.2d 745, 748 [255 P.2d 782] ; *In re Levi, supra,* 39 Cal.2d 41, 47 [244 P.2d 403]), and on this point the cited cases are technically distinguishable. ▆▆▆ It would seem obvious that in the normal course of events a defendant is not entitled to be advised of his legal rights at every stage of criminal proceedings. The Penal Code requires that the trial court so advise a person only upon his first appearance before the committing magistrate (Pen. Code, §§ 858, 859) and when he is arraigned before the trial court (Pen. Code, § 987). Apart from statutory requirements, however, the constitutional right to the assistance of counsel would be meaningless in the absence of a knowledge of that right and an intelligent waiver thereof, and the very purpose of the duty thus enjoined upon the court to advise an accused is to preserve to him a right which the Constitution has conferred upon him. ▆▆▆ In the present case, under the factual background thereof, it would seem manifest that the petitioner was unaware of her right to counsel at the time she was sentenced. The record reveals that she was confused and incapable of legally protecting herself. The advice given two years earlier, while technically in the same proceeding, was disassociated in time and the specific act for which this petitioner was before the court, at least in her own mind. If she remembered at all that she had been advised of her right in earlier proceedings, certainly she must have been confused as to whether she was then entitled to counsel. That right would indeed be without real substance if we were to hold that it had been properly made available to her.

▆▆▆ The conclusion at which we have arrived herein is not to be construed as a holding that in all cases where a de-

fendant is not advised of his right to counsel at the time judgment is pronounced his constitutional right has been infringed. ■ A proper instruction given in the manner required by statute is normally adequate to insure the preservation of a defendant's constitutional rights. ■ It must also be conceded that generally where a defendant has intelligently waived counsel the burden is on him to take some affirmative action to reinstate his right thereto. In such instances a motion for the assistance of counsel would be directed to the sound discretion of the trial court. Thus in the case of *In re Connor,* 16 Cal.2d 701 [108 P.2d 10], the defendant waived counsel at the beginning of trial proceedings and thereafter, during the prosecution's case, demanded the appointment of counsel. The court properly denied the motion in the circumstances there prevailing. (See also *People* v. *Mattson,* 51 Cal.2d 777, 789 [336 P.2d 937].) In view of our conclusions herein, however, it is manifest that had the petitioner moved for the assistance of counsel it would have been an abuse of discretion and a denial of constitutional rights not to have made an appointment. But in the absence of a motion it is contended that the trial court was not required to advise the petitioner of her right if she failed to act to avail herself thereof.

■ This contention fails to give due recognition to the particular circumstances in the instant case. It concedes that a defendant is entitled to counsel for the purpose of aid and assistance in preserving rights which the defendant alone is unable to preserve because of his lack of training, knowledge, skill and experience in such matters. It would then require that this particular petitioner, who lacked even the knowledge that she was entitled to counsel, take some affirmative action to avail herself of that right. If the court is enjoined to provide counsel to advise her with respect to rights of which she was ignorant, certainly it ought also provide her with knowledge that she had the right to counsel when it was manifest that she was ignorant of that right also. In this particular case, in consideration not only of the lapse of time and the disassociation of the two proceedings, but also the petitioner's lack of education, training and knowledge of her legal rights, her inability to recall what had transpired, and the other circumstances noted, her constitutional rights were not adequately safeguarded because of the failure of the court to readvise her at the time of her arraignment for sentence, regardless of the fact that she did not move for the appointment

of counsel. ▮▮▮ The court is bound to exercise the utmost diligence in protecting the constitutional rights of a defendant who, through her ignorance, lack of education and training is unable to adequately defend herself, and is not in a position to receive assistance from other sources. (*Powell* v. *Alabama*, 287 U.S. 45, 71 [53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527] ; *People* v. *Mattson, supra*, 51 Cal.2d 777, 789-790 [336 P.2d 937].)

In view of our conclusion that the petitioner was not, by reason of the facts and circumstances of the instant case, accorded her constitutional rights in proceedings at which she was sentenced it is unnecessary to attempt to lay down any general rule as to the circumstances under which a defendant who has been placed upon probation without pronouncing judgment must be advised of his right to counsel where proceedings are later instituted to revoke his probation and impose sentence and he appears in court for that purpose without counsel, or to consider other claims of denials of rights which took place at that time.

▮▮▮ Since the petition herein reveals no invalidity in the adjudication of petitioner's guilt, she is not entitled to be discharged from custody. It is therefore ordered that petitioner be remanded to the custody of the sheriff of Contra Costa County with directions that she be rearraigned for pronouncement of judgment in accordance with the views herein expressed, and the provisions of Penal Code, section 2900.1.[1]

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.

---

[1]Penal Code, section 2900.1, provides: ''Where a defendant has served any portion of his sentence under commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts.''