Appellate Department, Superior Court, Los Angeles

[Crim. No. A 6487.   Oct. 28, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT JOSE MALDONADO, Defendant and Appellant.

Robert Jose Maldonado, in pro. per., for Defendant and Appellant.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, and William E. Doran, Deputy City Attorney, for Plaintiff and Respondent.

AISO, P. J.—Defendant appeals in propria persona from a judgment imposed upon a jury verdict finding him guilty of violating Vehicle Code, section 23102 (driving on highway while under influence of intoxicating liquor). He failed to perfect his record on appeal, filing neither a settled statement, a reporter's transcript, or a brief, and the time to ask for relief from such default has expired (Cal. Rules of Court, rule 186(b)); but a proper notice of appeal was filed and he appeared in propria persona to argue his case orally before this court. The clerk's transcript, however, indicates a constitutional infirmity in the proceedings below which makes the case vulnerable to an attack by way of habeas corpus, to wit, a violation of a constitutional right to counsel at time of sentence. In order to minimize unnecessary procedures by litigants and the court, we deal with this limited area of legal infirmity and otherwise affirm the judgment below.

Defendant's lament that he was not properly afforded his constitutional right to counsel at the time of pronouncement of judgment (he says because he was then unable financially to pay his counsel) appears to merit cognizance by this court. The clerk's minutes reflect that up to the time of verdict and setting of a date for sentence, defendant was represented by a private counsel*, but that at the time of sentence he appeared in propria persona. No substitution of counsel appears. No entry shows an advice to defendant of his right to counsel at time of pronouncement of judgment or a waiver of that right and an intelligent choice to represent himself in propria persona.

Where the file discloses an attorney of record and no

---

*We intentionally omit mention of the name of private counsel in this instance as we have not heard his version as to why there is neither substitution of counsel nor his appearance at time of sentence on the record.

substitution of counsel appears, a court commits error in permitting a defendant to proceed in propria persona. (*In re Martinez* (1959) 52 Cal.2d 808, 813 [345 P.2d 449], and see *Arthur* v. *Superior Court* (1965) 62 Cal.2d 404, 411 [42 Cal. Rptr. 441, 398 P.2d 777].) From the point of view of the duty of such counsel of record to his client and to the court, the court said in *People* v. *Massey* (1955) 137 Cal.App.2d 623, 626 [290 P.2d 906] : ''Having undertaken the defense of a criminal case an attorney must continue with his services until he is released by the client or by the court. He may apply to the court for release from further service and for good·· cause shown may be released, but he may not abandon his representation at will, nor for considerations personal to himself. (Bus. & Prof. Code, § 6068.) '' It also states that where a matter is calendared to be taken up by the court, ''. . . the court expects counsel to make an appearance or to advise the court of a reason for nonappearance.''

A defendant is entitled to counsel at the time the judgment is pronounced against him in a criminal case. (*In re Roberts* (1953) 40 Cal.2d 745, 748 [255 P.2d 782]; *In re Boyce* (1959) 51 Cal.2d 699, 700-701 [336 P.2d 164].) This also applies to a misdemeanor case and the reason for this is that only one versed in the law would know whether there is a legal cause (e.g. insanity, etc. or other legal objection) why judgment should not be pronounced. (*In re Turrieta* (1960) 54 Cal.2d 816, 819 [8 Cal.Rptr. 737, 356 P.2d 681].) *In re Roberts, supra,* also held at page 746, that where the record is silent both as to whether a defendant was informed of his right to counsel at the time of sentence and as to whether he waived such a right, the judgment must be set aside and the case remanded to the trial court for rearraignment for judgment with counsel. Such a remand, of course, does not affect the ·adjudication of guilt; the case is reversed and remanded for the limited purpose of rearraignment for judgment with counsel.

As *In re Turrieta, supra,* points out at pages 820-821, not every ·case calls for a reiteration by the court to a defendant of his constitutional right to counsel before pronouncing judgment, and the right to counsel at that time is subject to an intelligent waiver by the defendant. However, where the record reflects a changeover from representation by counsel to an unexplained appearance in propria persona, the absence of a record affirmatively showing such warning and waiver would appear to bring the case into the operative area

of *In re Roberts, supra.* The requisite record to show a valid waiver of a constitutional right to counsel has been prescribed in *In re Johnson* (1965) 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420].

Defendant also requests the trial court to ascertain the time he spent in custody pending his posting an appeal bond and to credit such time to any sentence imposed; this request finds merit in Penal Code, section 2900.1.

It is ordered that defendant be remanded to the municipal court with directions that he be rearraigned for pronouncement of judgment in accordance with the views herein expressed; except as so modified, the judgment is otherwise affirmed.

Faries, J., and Breitenbach, J., concurred.