[Crim. No. 4637.    Third Dist.    Dec. 5, 1967.]

In re JOSEPH JEROME KOEBRICH on Habeas Corpus.

Ronald E. Moe, under appointment by the Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Robert J. Sullivan, Deputy Attorneys General, for Respondent.

REGAN, J.—Petitioner, an inmate of Folsom State Prison, seeks by habeas corpus to obtain his release therefrom, contending:

1. Judgment was pronounced and sentence imposed upon him without counsel or a knowing waiver of counsel, and the trial court failed to advise petitioner of his constitutional rights, and

2. His probation was illegally revoked.

On January 13, 1958, petitioner, represented by counsel, was found guilty, after a trial by jury, of violating section 11500 of the Health and Safety Code (possession of narcotics). Imposition of judgment and sentence was suspended and petitioner was placed on five years' probation as a condition of which he served eight months in the county jail.

On April 22, 1959, petitioner was returned to the superior court for revocation of his probation. Petitioner appeared without counsel, no counsel was provided for him, and after his probation was revoked he was arraigned for judgment and

sentence, and was sentenced to state prison for the term prescribed by law.

On September 7, 1961, petitioner's parole was authorized by the Adult Authority. On October 4, 1965, he was convicted for a violation of section 11501 of the Health and Safety Code (sale of heroin). Petitioner was represented by counsel, tried before a jury, was found guilty and sentenced to state prison for the term prescribed by law. Petitioner does not attack the 1965 conviction, which was affirmed on appeal, but does contend that he did not knowingly and intelligently waive counsel when he was arraigned for judgment and pronouncement of sentence for the 1958 conviction at the time of the revocation of his probation.

The Attorney General concedes petitioner's contention that he did not intelligently waive counsel when he was arraigned for judgment and pronouncement of sentence but urges that petitioner's "inexcusable delay" bars him now from attacking the 1959 conviction, citing *In re Swain*, 34 Cal.2d 300, where the court states (at p. 304 [209 P.2d 793]) : "We are entitled to and we do require of a convicted defendant that he allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts."

Petitioner alleges the reason for his delay was his ignorance of his right of appeal. Also, the record shows the trial court failed to advise petitioner of his right to counsel and does not show a knowing and intelligent waiver by petitioner of his right to counsel.

Petitioner had a constitutional right to counsel at his arraignment for the pronouncement of judgment and imposition of sentence. (*In re Turrieta*, 54 Cal.2d 816, 819 [8 Cal. Rptr. 737, 356 P.2d 681].) In *Turrieta* the court states (at p. 819) :

"While the constitutional right to counsel does not apply to a revocation of probation[1] [citations], there can be no doubt that the right applies to proceedings for the pronouncement of judgment after revocation of probation granted without imposing sentence. [Citations.]"

---

[1] The question of the constitutional right to counsel at the time of revocation of probation is not before this court in petitioner's case; however, we note for examination the U.S. Supreme Court's opinion in *Mempa* v. *B. J. Rhay, etc.*, announced November 13, 1967, 389 U.S. 128 [19 L.Ed.2d 336, 88 S.Ct. 254], where it is stated, "All we decide here is that a lawyer must be afforded at this proceeding whether it be labeled a revocation of probation or a deferred sentencing."

We hold that petitioner was denied his constitutional right to counsel at a crucial time. (See Cal. Const., art. I, § 13; *In re Boyce,* 51 Cal.2d 699, 700-701 [336 P.2d 164].)

The judgment and commitment of the Superior Court of the State of California, for the County of San Diego, issued April 22, 1959, in case No. 220380 on the files of said court are set aside and the custody of the petitioner is ordered transferred from the Warden of Folsom State Prison, Represa, California, to the Sheriff of San Diego County solely for rearraignment, judgment and sentence by the court, with counsel in attendance, in that case only. Nothing herein is to affect petitioner's custody under the 1965 conviction, judgment and commitment in case No. CR 8414 on the files of the San Diego Superior Court.

The order to show cause having served its purpose is discharged; except as specifically affected by the foregoing limited order, the application for a writ of habeas corpus is denied.

Pierce, P. J., and Friedman, J., concurred.