Filed 8/16/21  P. v. Fletcher CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SHAWN ALLAN FLETCHER,<br><br>Defendant and Appellant. | B298412<br><br>Los Angeles County<br>Super. Ct. No. BA446196 |

APPEAL from a judgment and order of the Superior Court of Los Angeles County, Craig J. Mitchell, Judge. Judgment and order conditionally reversed and remanded.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Gregory B. Wagner, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant Shawn Allan Fletcher on one count of attempted robbery (Pen. Code, §§ 211, 664).[1] In defendant's first appeal, we conditionally reversed the judgment and remanded the matter to the trial court to allow the court to reconsider defendant's request to represent himself under *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*) after conducting the inquiry required under *People v. Windham* (1977) 19 Cal.3d 121 (*Windham*).

At the hearing on remand, however, defendant's counsel did not appear, and defendant agreed to represent himself. Defendant now argues the court erred in allowing him to represent himself without first advising him of his right to counsel and the dangers of self-representation. The irony of defendant's position does not escape us. Nevertheless, we agree with defendant and will again conditionally reverse and remand for further proceedings.

## PROCEDURE AND FACTUAL BACKGROUND

### 1. Prior Appeal

The facts of the crime are fully set forth in our prior opinion. (See *People v. Fletcher* (Sept. 25, 2018, B280914) [nonpub. opn.].) For purposes of this appeal, it is sufficient to note that defendant removed a bicycle that did not belong to him from the rack on the front of a public bus. As defendant rode away on the bicycle, the owner of the bicycle saw defendant, got off the

---

[1] All undesignated statutory references are to the Penal Code.

bus, and chased him. When the owner caught up to defendant, an argument and physical altercation ensued. Defendant was convicted by a jury on one count of attempted second-degree robbery. (§§ 211, 664.) The court sentenced him to the mid-term of two years, doubled to four years due to his prior strike, plus five years in accordance with section 667, subdivision (a)(1), for a total of nine years in state prison. The court stayed four additional one-year terms for the four alleged prison priors under section 667.5, subdivision (b). Defendant appealed.

In our unpublished decision, we concluded that the court erred in summarily denying defendant's untimely request to represent himself during trial. Under *Windham*, the court was obligated to inquire sua sponte into the reasoning behind defendant's request. And, as we explained, the court's failure to so inquire produced an appellate record insufficient to allow meaningful review of the court's denial of defendant's *Faretta* request. We therefore reversed the judgment conditionally and remanded the matter to the court with the following directive: "After considering the evidence defendant was prepared to present without delay at the time he made his original request to represent himself, as well as the *Windham* factors, the court shall determine whether it should have granted the *Faretta* request in the first instance. If so, the court shall order a new trial. If the court determines it properly denied the request it shall reinstate the judgment."

This court issued the remittitur returning jurisdiction to the trial court on December 27, 2018.

## 2.     Proceedings on Remand and the Present Appeal

The court conducted the further proceedings contemplated by our prior opinion ("remand hearing") on April 2, 2019.

3

Defendant was present in court and the following colloquy occurred at the outset of the hearing:

"Court: Mr. Fletcher is before the court. Counsel is not present. [The prosecutor] is here on behalf of the People. [¶] This matter comes to us by way of a directive from the court of appeal indicating that the court address a matter that occurred during trial with respect to Mr. Fletcher requesting to go pro per during the trial. [¶] It was the court's understanding, Mr. Fletcher, that your attorney, Ms. Miller, was going to be present today and that she had contacted the court, in fact, multiple times wanting to be present.

"Defendant: I haven't spoken to her since the last time. I think it was two, three weeks ago, and I haven't spoken to her. The only thing that I did receive in the mail was a letter notifying me that I'll be having an upcoming hearing.

"Court: Right. It's my understanding that she wishes to address the court and represent you on this matter, and the record should reflect her name is Mona Deutsch-Miller.

"[Prosecutor]: Perhaps I can clarify. I sent an e-mail to Ms. Miller late this morning when I was notified … that she was not in court. She indicated to me that she was not planning on coming to court today because Mr. Fletcher would be representing himself.

"Court: Okay.

"Defendant: Okay. Yeah. That will be fine with me.

"Court: Mr. Fletcher, so you, in fact, wish to represent yourself in this matter?

"Defendant: Yes, I would, sir.

"Court: Okay. The appellate court took issue with my ruling during the course of the trial denying Mr. Fletcher an opportunity to represent himself. I will certainly allow both parties to address the court of appeal's determination. [¶] Mr. Fletcher, are you in receipt of the appellate court's ruling?

"Defendant: Yes, I am, sir."

The court then allowed defendant to speak at length, at which time defendant explained that he wished to recall numerous witnesses and shared some of the questions he would have asked them, if permitted to do so. The court found that, after consideration of the proper factors, it would still have denied defendant's *Faretta* request during the trial.

Defendant again appeals.

## DISCUSSION

Defendant contends the court violated his constitutional right to counsel during the remand hearing by allowing him to represent himself without first ascertaining whether his waiver of the right to counsel was knowing and intelligent. We agree. Although the parties and the courts of appeal in this state disagree as to the appropriate standard of review—reversal per se or harmless error analysis—we need not resolve that dispute in this case, as reversal is required under either standard.

1. **A criminal defendant is entitled to the assistance of counsel at all critical stages of criminal proceedings. A waiver of the right to counsel must be voluntary and intelligent.**

"It is beyond dispute that '[t]he Sixth Amendment safeguards to an accused who faces incarceration the right to

counsel at all critical stages of the criminal process.' [Citations.]" (*Marshall v. Rodgers* (2013) 569 U.S. 58, 62.) "Article I, section 15 of the California Constitution, too, guarantees a right to 'the assistance of counsel for the defendant's defense' in a 'criminal cause.' Much like its federal counterpart, article I, section 15 has been understood to confer a right to state-appointed counsel for indigent defendants. [Citations.] But it has also been understood to extend more broadly than its federal counterpart … ." (*Gardner v. Appellate Division of Superior Court* (2019) 6 Cal.5th 998, 1003–1004 (*Gardner*); and see *People v. Doolin* (2009) 45 Cal.4th 390, 417 (*Doolin*) ["A criminal defendant is guaranteed the right to the assistance of counsel by the Sixth Amendment to the United States Constitution and article I, section 15 of the California Constitution."].) "It is just as well settled, however, that a defendant also has the right to 'proceed *without* counsel when he voluntarily and intelligently elects to do so.' *Faretta*[, *supra*,] 422 U.S. at [p.] 807." (*Marshall,* at p. 62.)

A valid waiver of the right to counsel under *Faretta* requires " 'a finding that the waiver is knowing and voluntary, i.e., the accused understands the significance and consequences of the decision and makes it without coercion.' " (*People v. Frederickson* (2020) 8 Cal.5th 963, 1002 (*Frederickson*).) To support such a finding, a trial court must "inform the defendant in general terms of the most common disadvantages" of self-representation. (*Id.* at p. 1003.) " 'The defendant "should at least be advised that: self-representation is almost always unwise and that the defense he conducts might be to his detriment; he will have to follow the same rules that govern attorneys; the prosecution will be represented by experienced, professional counsel who will have a significant advantage over him in terms

of skill, training, education, experience, and ability; the court may terminate his right to represent himself if he engages in disruptive conduct; and he will lose the right to appeal his case on the grounds of ineffective assistance of counsel. [Citation.] In addition, he should also be told he will receive no help or special treatment from the court and that he does not have a right to standby, advisory, or cocounsel." ' " (*People v. Ruffin* (2017) 12 Cal.App.5th 536, 544 (*Ruffin*).)

Where, as here, a defendant requests self-representation after trial, the *Faretta* inquiry " 'need not be as exhaustive and searching as a similar inquiry before the conclusion of trial[.]' " (*People v. Burgener* (2009) 46 Cal.4th 231, 242 (*Burgener*).) It is well settled that " 'courts must draw every inference against supposing that the defendant wishes to waive the right to counsel.' " (*Ruffin, supra*, 12 Cal.App.5th at p. 545.)

On appeal, we independently examine the entire record to determine whether the defendant knowingly and intelligently waived the right to counsel. (*Doolin, supra*, 45 Cal.4th at p. 453; *Frederickson, supra*, 8 Cal.5th at p. 1002.)

## 2.     Defendant was entitled to the assistance of counsel at the remand hearing.

We first consider whether the remand hearing was a critical stage of the proceedings at which defendant had the constitutional right to assistance of counsel. The Attorney General contends it was not. We disagree.

As noted, a criminal defendant's right to counsel exists with respect to all critical stages of the proceedings. Neither the parties nor this court have identified any precedent specifically addressing whether a post-appeal hearing is, as a general matter, considered a critical stage at which a defendant is entitled to the

7

assistance of counsel. Our high court, however, recently explained the right to counsel at critical stages of criminal proceedings under state law:

"Under article I, section 15 of the California Constitution, a defendant's right to the assistance of counsel is not limited to trial, but instead extends to other, 'critical' stages of the criminal process. (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 465 (*Bryant, Smith and Wheeler*); see *People v. Bustamante* (1981) 30 Cal.3d 88, 97–99 (*Bustamante*).) This rule, which was first articulated in cases interpreting the Sixth Amendment, recognizes that the right to the assistance of counsel is fashioned according to the need for such assistance, and this need may very well be greater during certain pre- and posttrial events than during the trial itself. (*Lafler v. Cooper* (2012) 566 U.S. 156, 165 (*Lafler*); *United States v. Wade* (1967) 388 U.S. 218, 224 (*Wade*).)

"For purposes of determining whether the right to counsel extends to a particular proceeding, we have described a critical stage as 'one "in which the substantial rights of a defendant are at stake" [citation], and "the presence of his counsel is necessary to preserve the defendant's basic right to a fair trial" [citation].' (*Bryant, Smith and Wheeler*, *supra*, 60 Cal.4th at p. 465.) More broadly, critical stages can be understood as those events or proceedings in which the accused is brought in confrontation with the state, where potential substantial prejudice to the accused's rights inheres in the confrontation, and where counsel's assistance can help to avoid that prejudice. (See *Coleman v. Alabama* (1970) 399 U.S. 1, 7 (*Coleman*); accord, e.g., *Rothgery v. Gillespie County* (2008) 554 U.S. 191, 212, fn. 16.)

"Employing this rubric, courts have identified the following proceedings, among others, as critical stages to which the

constitutional right to counsel attaches: arraignments (*Hamilton v. Alabama* (1961) 368 U.S. 52, 54); preliminary hearings (*Coleman, supra,* 399 U.S. at p. 10); postindictment lineups (*Wade, supra,* 388 U.S. at p. 227); postindictment interrogations (*Massiah v. United States* (1964) 377 U.S. 201, 206); plea negotiations (*Missouri v. Frye* (2012) 566 U.S. 134, 143 (*Frye*), *In re Alvernaz* (1992) 2 Cal.4th 924, 933–934); and sentencing (*Lafler, supra,* 566 U.S. at p. 165). Relying solely on the state Constitution, this court has recognized a right to counsel in other proceedings as well. (E.g., *Bustamante, supra,* 30 Cal.3d at p. 102 [state right to counsel extends to preindictment lineups], disagreeing with *Kirby v. Illinois* (1972) 406 U.S. 682, 690.)" (*Gardner, supra,* 6 Cal.5th at pp. 1004–1005.)

In *Gardner*, the high court considered whether a criminal defendant was entitled to representation during the pretrial prosecution appeal of a suppression order in a misdemeanor case. Noting that such rights are not guaranteed under the Sixth Amendment, the court turned to our state constitution and its own precedent. (*Gardner, supra,* 6 Cal.5th at pp. 1003–1004.) First, in evaluating the defendant's position that she was entitled to appointed counsel, the court considered the significance of the suppression ruling on the overall course of the proceedings. The court observed that a suppression hearing may often determine the outcome of a criminal prosecution or, at a minimum, may dramatically affect the prosecution's ability to meet its burden of proof at trial. And a reversal of the suppression order at hand would have revived the prosecution's case against the defendant and meaningfully increased the likelihood of conviction. (*Id.* at p. 1005.) In other words, "an appellate proceeding to determine whether the evidence will remain suppressed poses a clear and

9

substantial risk of prejudice to the defendant's position at trial." (*Ibid.*)

The court also recognized that the need for counsel was paramount due to the "intricate rules" governing the appellate process that would be "hopelessly forbidding" for a layperson. (*Gardner, supra*, 6 Cal.5th at p. 1006.) Significantly, the high court noted, the United States Supreme Court has held that a convicted person has a right to appointed counsel in the first appeal as a matter of right under the due process and equal protection clauses of the Fourteenth Amendment due, in part, to the complexities of the process. (*Id*. at pp. 1006, 1008.) "[F]or the same reasons," the Court held the defendant was entitled to the assistance of counsel in responding to the prosecution's appeal regarding the suppression order. (*Id* at p. 1006.)

Applying the rationale of *Gardner*, we conclude that the remand hearing was a critical stage of the proceedings at which defendant had a right to counsel. First, the stakes at the remand hearing were high: The prosecution risked reversal of the conviction and defendant sought to preserve his right of self-representation—a right that had been foreclosed without a proper evaluation by the trial court. And, if successful, defendant might have obtained a new trial. Like *Gardner*, then, the remand hearing "pose[d] a clear and substantial risk of prejudice … ." (*Gardner, supra*, 6 Cal.5th at p. 1005.)

Second, and again like *Gardner*, the procedural complexity of the remand hearing was significant. The hearing was not, as the Attorney General would have it, a standard *Faretta* hearing at which defense counsel would likely have a minimal role and

10

the prosecution would not participate.[2] Instead, defendant was required to argue against the prosecutor at the remand hearing and her primary objective was to preserve the conviction. Thus, the usual circumstances of a *Faretta* hearing were not present during the remand hearing. Moreover, our disposition of the prior appeal narrowed the focus of the remand hearing in a manner that would be "hopelessly forbidding" for a layperson. (*Gardner, supra*, 6 Cal.5th at p. 1006.)

In sum, we conclude the remand hearing was a critical stage of the proceedings because defendant was required to confront the state at a proceeding in which substantial prejudice to his rights could have occurred.

3. **Defendant did not knowingly and intelligently waive his right to counsel at the remand hearing.**

Defendant argues and the Attorney General concedes that the court did not properly admonish defendant and therefore did not obtain a knowing and voluntary waiver of the right to counsel at the remand hearing. We agree.

As we have said, in order to ascertain that a defendant has knowingly and voluntarily waived the right to counsel, the court must make the defendant generally aware of the risks and pitfalls of self-representation. *Burgener* is on point. There, the

---

[2] We reject the Attorney General's assertion that "no prejudice could have resulted from [defendant] having to appear without counsel since the entire purpose of this Court's remand was to allow [defendant] to argue why he should not have to be represented." As noted, the remand hearing was not merely a rehearing on defendant's *Faretta* request—it involved an additional layer of complexity due to the scope and focus of this court's disposition of the prior appeal.

11

defendant was convicted by a jury of first degree murder and sentenced to death. (*Burgener, supra*, 46 Cal.4th at pp. 233–243.) The court later modified the sentence to life in prison without the possibility of parole under section 190.4, subdivision (e). The Court of Appeal reversed and remanded for a new hearing and the matter was reassigned due to the trial judge's retirement. After the new judge denied the defendant's application to modify the death penalty verdict, the Supreme Court vacated the judgment of death and remanded for reconsideration. (*Id.* at p. 234.)

The trial court granted the defendant's motion to represent himself at the resentencing hearing. As pertinent here, the defendant stated his intent to represent himself at a status hearing following remand. The court, counsel, and the defendant discussed scheduling matters and defense counsel's request for a continuance. When the defendant indicated that he wished to represent himself for purposes of sentencing, the court stated " 'I think I would be remiss if I didn't advise you at least with regard to certain possible pitfalls with regard to self-representation … .' " But the court did not proceed with any further advisements. (*Burgener, supra*, 46 Cal.4th at pp. 237–238.) At the next hearing, the defendant again confirmed that he wished to represent himself for purposes of resentencing. The court briefly summarized the procedural posture of the case and the defendant confirmed he was fully prepared to proceed. The court then explained the scope of the resentencing hearing to the defendant and the defendant twice indicated that he understood the court's explanation. (*Id.* at pp. 239–240.) Ultimately, the defendant did not submit any briefing in support of his application to modify the sentence and argued only that he

maintained his innocence. (*Id*. at p. 240.) The court denied the sentence modification application and reinstated the judgment of death. Appeal to the Supreme Court was automatic. (*Id*. at p. 237.)

The high court concluded the trial court erred in granting the defendant's motion to represent himself without first obtaining a knowing and intelligent waiver of his right to the assistance of counsel. (*Burgener, supra*, 46 Cal.4th at p. 237.) Although the trial court referenced "possible pitfalls" and "consequences" of self-representation, it seemingly assumed that the defendant would be aware of the particulars, as the court never explained what the risks of self-representation might be. (*Id*. at pp. 241–242.) The high court acknowledged that the limited scope of the hearing might have warranted "a less searching or formal colloquy" than a typical *Faretta* request would require. But the limited scope of the hearing "did not relieve the court of its duty altogether to ensure that defendant be made aware 'of the hazards ahead' if he proceeded without the assistance of counsel." (*Id*. at p. 242.) Rather, the court concluded, the trial court should have advised defendant "that the district attorney would be both experienced and prepared, that defendant would receive no special consideration or assistance from the court and would be treated like any other attorney, that he would have no right to standby or advisory counsel, [and] that he would be barred from challenging on appeal the adequacy of his representation." (*Id*. at p. 243.)

Applying *Burgener*, we conclude the court failed to procure a knowing and intelligent *Faretta* waiver from defendant. Although no particular form of words is required, and an informal advisement might have been sufficient in light of the limited

scope of the proceeding, some inquiry by the court was required. Yet, the court failed to make *any* advisements concerning the risks and possible pitfalls of self-representation. The court only inquired if defendant wished to represent himself in the absence of counsel and, further, whether he had received a copy of our decision in the prior appeal. Not only did the court fail to properly advise defendant of the risks of self-representation, it also failed to advise defendant that he could request a continuance so that his counsel could be present at a subsequent hearing.

In short, the court failed to obtain a knowing and voluntary waiver of the right to counsel from defendant at the remand hearing.

The Attorney General contends the court did not err because defendant validly waived his right to counsel after a proper admonishment two years earlier, when the court granted defendant's request to represent himself at the sentencing hearing, and that waiver was still in effect. We agree that, as a general matter, a trial court does not have the obligation to readvise the defendant of the right to counsel at each hearing or each stage of the same criminal proceeding, absent a specific statute requiring readvisement. (*People v. Crayton* (2002) 28 Cal.4th 346, 359–363; *People v. Bauer* (2012) 212 Cal.App.4th 150, 157 (*Bauer*).) Nevertheless, we reject the Attorney General's contention for two reasons.

First, defendant did not previously waive the right to counsel for all purposes. Instead, as is evident from the transcript of the sentencing hearing, both the court's advisements and defendant's *Faretta* waiver were limited to the sentencing proceeding. At the outset of the hearing on October 12, 2016, defendant stated "Your Honor, I would like to ask the court if I

14

could have my *Faretta* rights for sentencing purposes. I would like to do those on my own, because I don't think that [counsel] has enough time to deal with my case." The court "strongly advise[d]" defendant against self-representation and, when defendant indicated that he planned to obtain a psychiatric evaluation and mental health records, the court cautioned defendant that his counsel would be better able to obtain those documents and that the court would not grant a continuance simply because defendant was unable to obtain the documents himself. The court did not provide broad advisements about the risks of self-representation generally, nor did the court indicate to defendant that his *Faretta* waiver could extend beyond the sentencing proceedings. In light of those facts, we will not construe defendant's *Faretta* waiver at the sentencing stage to apply to the remand hearing.

Second, and in any event, some courts have held that even if readvisement is not typically required following a *Faretta* waiver, the passage of time and/or the complexity of subsequent proceedings may require readvisement of the right to counsel. For example, in *In re Turrieta* (1960) 54 Cal.2d 816 (*Turrieta*), the defendant pleaded guilty to petty theft in the trial court after being informed of her right to counsel and expressly waiving it. Proceedings were suspended and she was placed on probation for two years. Nearly two years later, her probation was revoked and sentence was pronounced at a proceeding in which she was not readvised of her right to counsel. (*Id.* at pp. 818–819.) The high court reversed. Although the court acknowledged that a defendant who has intelligently waived counsel normally has the burden to take affirmative action by bringing a motion to reinstate the right to representation, the passage of time and the

15

complexity of the proceeding warranted readvisement. (*Id.* at p. 820; and see *Bauer, supra*, 212 Cal.App.4th 150 [defendant that waived counsel and pleaded guilty was entitled to counsel at probation revocation hearing and subsequent sentencing hearing because a probation revocation/deferred sentencing hearing is not simply a continuation of the same criminal proceeding but rather involves different issues and facts].)

Although the present appeal does not concern a probation revocation hearing, we find the circumstances before us to be somewhat analogous. Here, like the defendant in *Turrieta*, defendant was advised of the risks of self-representation approximately two and one-half years before the remand hearing. And as in both *Turrieta* and *Bauer*, the subsequent hearing was considerably different in substance than the prior proceeding at which the right to counsel was waived. Specifically, in connection with the sentencing hearing, defendant intended to represent himself and planned to present evidence in mitigation relating to his mental health records and psychological evaluation. The remand hearing, in comparison, involved completely different issues and required an understanding of the impact of our prior decision—a significant and nuanced factor not involved at the sentencing hearing.

4. **Even if the court's ruling is subject to harmless error review, the Attorney General fails to establish the error was harmless beyond a reasonable doubt.**

Some courts have held that a failure-to-warn *Faretta* violation is a structural error requiring automatic reversal. (See *Burgener, supra*, 46 Cal.4th at p. 244.) On the other hand, our Supreme Court has assumed, without deciding, that a deficient *Faretta* colloquy may be harmless if the Attorney General shows

beyond a reasonable doubt that: (1) the defendant would have waived counsel even had he received adequate warnings; or (2) the outcome would have been no more favorable to the defendant even had he elected to be represented by counsel. (See *id*. at pp. 244–245.) We need not determine which standard applies because reversal is required even under the harmless error standard.

As to the first issue, defendant suggests he would not have waived his right to counsel if he had been properly admonished. We take him at his word but also tailor our disposition to avoid giving him a second bite at the apple. As to the second issue, the Attorney General has failed to establish that defendant could not have achieved a more favorable result with counsel's representation. At a minimum, counsel should have been able to address the specific issue framed by our disposition of the prior appeal and used the facts cited in our opinion to argue the matter—a tactic defendant was unable to employ and which might have favorably impacted the court's decision.

The Attorney General also appears to be concerned about the potential for defendant to game the system on remand, noting that if we were to hold that the court erred, "[t]he only reasonable resolution would be to again remand the case to the trial court to ensure [defendant] receives representation during the *Faretta* hearing. But appellant, whose only goal was to represent himself, would almost assuredly decline any representation for the hearing on remand." Like our high court, "[w]e share the concern that some assertions of the right of self-representation may be a vehicle for manipulation and abuse." (*People v. Marshall* (1997) 15 Cal.4th 1, 22.) And the irony of defendant's position—that he was denied counsel at a hearing designed to address his request

17

to waive the right to counsel during the trial—is plain. Two factors assure us that the proceedings on remand will be a sound use of judicial resources. First, defendant represents that he sought to represent himself at trial because he disagreed with his counsel's strategy. At the remand hearing, however, he states that "[i]t is unlikely [he] would have chosen to forgo counsel at the hearing, especially since an attorney made the appellate argument that earned the remand." Second, our disposition ensures no waste of additional resources will occur. Like the court in *Bauer*, we remand for further proceedings and if, after being properly admonished concerning his right to counsel, defendant again waives his right to counsel, the court is instructed to confirm its prior order after remand and reinstate the judgment. (See *Bauer, supra*, 212 Cal.App.4th at pp. 161–162.)

## DISPOSITION

The judgment and April 2, 2019 order are conditionally reversed and the cause is remanded to the trial court with directions to hold a hearing to determine whether defendant wishes to waive his right to counsel in a second remand hearing. If, after being properly admonished, defendant waives his right to counsel (either at the outset of the hearing or during the hearing) the court shall reenter the order issued after the previous remand hearing on April 2, 2019. In this event, the judgment, as affirmed in our prior decision, shall be reinstated.

If defendant exercises his right to counsel, the court shall hold a new hearing to determine whether it properly denied defendant's *Faretta* request in the first instance, as contemplated by our prior decision.

In either event, and in the interest of justice, defendant may seek relief under Senate Bill 1393 and ask the court to revisit its sentencing decision and exercise its discretion to strike or impose the serious felony enhancement under section 667, subdivision (a). (*People v. Stamps* (2020) 9 Cal.5th 685, 699.)


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, Acting P. J.

WE CONCUR:


EGERTON, J.


THOMAS, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.