Filed 6/27/13  P. v. Jessen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H037830 |
| Plaintiff and Respondent, | (Santa Cruz County Super. Ct. No. F21097) |
| v. | |
| ALVIN AUGUST JESSEN, | |
| Defendant and Appellant. | |

A jury convicted defendant Alvin August Jessen of possession of methamphetamine for sale.  (Health & Saf. Code, § 11378.)  The trial court sentenced him to a "split" sentence of five years in county jail and two years of supervised release.  (Pen. Code, § 1170, subd. (h).)

On appeal, defendant contends (1) he received ineffective assistance of counsel when his trial counsel failed to object to the imposition of a $240 restitution fine that exceeded the statutory minimum of $200; (2) the trial court was not authorized to impose a probation revocation restitution fine because he was found ineligible for probation; and (3) the trial court violated his state and federal constitutional rights by issuing a supplemental sentencing order in his absence.[1]

---

[1] In his opening brief, defendant set forth the additional claim that the trial court erred in refusing to award him an additional 191 days of conduct credit.  The parties agree that the issue is now moot, since the trial court subsequently awarded the claimed conduct credit to defendant.  Accordingly, we find the claim moot.

We find no merit to defendant's argument that he received ineffective assistance of counsel, but we agree with defendant and will accept respondent's concession that the court erred by imposing a separate *probation* revocation restitution fine, although we note that the erroneously imposed fine was a *parole* revocation restitution fine. We will order that fine stricken and the abstract of judgment corrected to remove it. We also conclude that the trial court erred by modifying defendant's sentence by ex parte order. Accordingly, that order will be stricken. As so modified, we will affirm the judgment.

## FACTS

At trial, two Santa Cruz police officers involved in defendant's arrest testified to the following: They observed defendant and a female in an area known for the use of drugs and alcohol. As the officers approached, defendant turned away and dropped a black object into a nearby planter. Defendant then walked quickly through a parking lot and into a nearby bagel shop. One officer searched the planter and found a black pouch with a glass vial, numerous ziplock baggies, and several grams of methamphetamine. The other officer saw defendant watching them from a window at the bagel shop. The officers entered the shop and arrested defendant.

A former Santa Cruz police officer testified to the facts of defendant's prior arrest for possession of methamphetamine for sale in 2002. Defendant stipulated to prior convictions for possession of methamphetamine in 2005, 2007, and 2008.

## DISCUSSION

I. *Trial Counsel's Failure to Object to the Restitution Fine*

Defendant argues that trial counsel provided ineffective assistance of counsel by failing to object to a restitution fine of $240. He contends that under the version of the statute applicable at the time he committed the offense, the statutory minimum restitution fine was $200. (Former Pen. Code § 1202.4, Stats. 2011 ch 45 § 1 (SB208).) Respondent contends that, notwithstanding the $200 minimum set forth in the statute, the trial court had the discretion to impose a greater fine of $240, and that trial counsel's

2

failure to object was, therefore, reasonable.  Respondent further argues that even if trial counsel's inaction constituted error, no prejudice resulted.

A. *Standard of Review and Ineffective Assistance of Counsel*

"The standard of review of a restitution order is abuse of discretion, but 'a restitution order "resting upon a ' "demonstrable error of law" ' constitutes an abuse of the court's discretion." ' " (*People v. Tuan Quong Duong* (2010) 180 Cal.App.4th 1533, 1537.)

"To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense.  [Citations.]  Counsel's performance was deficient if the representation fell below an objective standard of reasonableness under prevailing professional norms.  [Citation.]  Prejudice exists where there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." (*People v. Benavides* (2005) 35 Cal.4th 69, 92-93, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694.)

" 'Tactical errors are generally not deemed reversible; and counsel's decision-making must be evaluated in the context of the available facts.  [Citation.]  To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, [the appellate court] will affirm the judgment "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation." ' " (*People v. Hart* (1999) 20 Cal.4th 546, 623-624.)

"It is the defendant's burden on appeal [or in a petition for writ of habeas corpus] to show that he or she was denied effective assistance of counsel and is entitled to relief.  [Citations.]  '[T]he burden of proof that the defendant must meet in order to establish his [or her] entitlement to relief on an ineffective-assistance claim is preponderance of the evidence.' [Citation.]" (*In re Hill* (2011) 198 Cal.App.4th 1008, 1016.)

B. *Discussion*

Defendant committed the offense on July 4, 2011. The statute in effect at the time of his offense specified a minimum restitution fine of $200. "The restitution fine shall be set *at the discretion of the court* and commensurate with the seriousness of the offense, *but shall not be less than* two hundred dollars ($200). . . ." (Former Pen. Code § 1202.4, subd. (b)(1), Stats. 2011 ch 45 § 1 (SB208).) (Italics added.) Application of a later version of the statute would have constituted error. "A restitution fine qualifies as punishment for purposes of the prohibition against ex post facto laws." (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.) However, under the language of the then-applicable statute, $200 was the *minimum* amount the trial court could impose. There is no dispute that the court had the discretion to lawfully impose a greater fine of $240; therefore, there was no ex post facto error because the court imposed a lawfully authorized fine.

Defendant's claim of ineffective assistance of counsel claim also lacks merit. First, with respect to trial counsel's performance, defendant does not meet his burden of showing that counsel's conduct was deficient. Trial counsel may have made a tactical decision not to object to the comparatively minor issue of $40 in restitution, particularly in light of his apparent desire to focus the court's attention on the weightier issue of incarceration. Absent a showing that trial counsel had no satisfactory explanation for his conduct, we do not question his performance. (*People v. Hart*, *supra*, 20 Cal.4th at pp. 623-624.)

Second, with respect to the element of prejudice, defendant has not demonstrated a reasonable probability that an objection from trial counsel would have resulted in a different outcome. Defendant argues that the court imposed the minimum fine, but in the wrong amount. He acknowledges that the court had the discretion to impose a fine of $240, but argues that nothing in the record shows that the trial court's imposition of a greater fine was an exercise of discretion. Defendant is correct that the record does not

4

show that the court intended to impose more than the statutory minimum of $200, but the record also does not show that the court intended to impose only the minimum.

Because defendant bears the burden of showing ineffective assistance of counsel, and because the record is silent on the trial court's reasons for imposing a restitution fine greater than the minimum, we find no indication that an objection from defense counsel would have resulted in a lower fine. Furthermore, we presume the trial court applied the law properly. "It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties." (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032.) "[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Because defendant has not shown the required elements of ineffective assistance of counsel, his claim fails.

II. *The Trial Court's Imposition of a Parole Revocation Restitution Fine*

Defendant contends the trial court erred by imposing a probation revocation restitution fine under Penal Code section 1202.44 because he was not placed on probation. Respondent concedes this point. We accept respondent's concession and will order this fine stricken.

Preliminarily, defendant is incorrect that the trial court imposed a *probation* revocation restitution fine under Penal Code section 1202.44. Although the minutes of the sentencing hearing and the abstract of judgment do show such a fine, the trial court at the sentencing hearing orally ordered a *parole* revocation restitution fine under Penal Code section 1202.45. The abstract of judgment conflicts with the court's oral pronouncement. When there is a conflict between the oral pronouncement of judgment

5

and the abstract of judgment, the oral pronouncement controls. (*People v. Morelos* (2008) 168 Cal.App.4th 758, 768.)

Nonetheless, defendant is correct that the fine was unauthorized. Defendant was sentenced to a "split" sentence under Penal Code section 1170, subdivision (h). "[S]uch a defendant is not subject to a parole revocation restitution fine." (*People v. Cruz* (2012) 207 Cal.App.4th 664, 672, fn. 6.) Accordingly, we will order the fine stricken, and we will order correction of the abstract of judgment.

III. *The Trial Court's Finding of Ineligibility for Alternative Sentencing*

Defendant also contends that the trial court erred by entering a minute order finding him ineligible for alternative sentencing. He argues that the trial court violated his rights under the federal and state constitutions by entering the minute order at an ex parte "supplemental sentencing hearing" outside of his presence and the presence of his counsel. Respondent argues that defendant had no constitutional right to be present because the minute order did not involve a discretionary or substantive sentencing decision. Respondent further argues that defendant failed to show prejudice, and that any error was harmless.

The trial court sentenced defendant on January 10, 2012. The minute order and abstract of judgment, issued the same day, set forth the terms of the sentence and judgment. The minute order shows that defendant was remanded to the custody of the sheriff at the conclusion of the sentencing hearing. The next day, on January 11, 2012, the court issued a minute order captioned "Ex Parte Actions" specifying that "Per order of Judge Ariadne J. Symons, Court does not authorize alternative methods of incarceration regarding sentence imposed on 1/10/12." Neither defendant nor his counsel were present when the court issued this ex parte order.

Defendant has the right to be present at sentencing. "In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the

6

trier of fact, and at the time of the imposition of sentence." (Pen. Code, § 977, subd. (b)(1).) "With certain exceptions [. . .] [citations] judgment and sentence in felony cases may be imposed only in the presence of the accused." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 386-387, quoting *In re Levi* (1952) 39 Cal.2d 41, 45.) Even where a defendant requests that judgment be pronounced in his absence, the defendant must be represented by counsel when judgment is pronounced. (Pen. Code, § 1193, subd. (a).)

Respondent, citing *People v. Hines* (1997) 15 Cal.4th 997, 1038-1039, argues that defendant does not have a constitutional right to be present "at every hearing held in the course of a trial." She also argues that courts apply harmless-error analysis when a defendant has been involuntarily absent from a criminal trial. She relies on case law concerning the *personal* absence of the defendant, where defendant is otherwise represented by counsel, but cites no case concerning a sentencing order issued ex parte, in the absence of both defendant and defense counsel.

Here, the trial court imposed a condition of defendant's sentence not only in the absence of defendant personally, but also in the absence of his counsel. Defendant and his counsel were entitled to be present for such an order. (See *People v. Arbee* (1983) 143 Cal.App.3d 351, 356 [court erred in modifying abstract of judgment to increase sentence in defendant's absence].)

While courts have the inherent power to correct clerical errors, the order issued here was not a clerical correction. "The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' [Citation]." (*In re Candelario* (1970) 3 Cal.3d 702, 705 [finding error in trial court's amendment to an abstract of judgment].) "An amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error . . . unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion." (*Ibid.*) Here, the court's minute order was not the result of a failure to record

the terms of the judgment imposed during the sentencing hearing. The transcript of the sentencing hearing shows that the court never ordered defendant ineligible for alternative incarceration. Nor does the record clearly demonstrate that the error was not the result of the exercise of judicial discretion. Furthermore, ineligibility for alternative incarceration constitutes a material alteration of defendant's rights. Therefore, the court's ex parte minute order was judicial error, not the correction of a clerical error.

Defendant requests that we order a new hearing to be held on the issue of defendant's eligibility for alternative incarceration. The only form of "alternative incarceration" identified by defendant would be participation in a work furlough program. However, while a trial court may deny or restrict a defendant's participation in such programs, it is not empowered to sentence defendant to work furlough or home detention. (*People v. Superior Court (Peterson)* (1992) 12 Cal.App.4th 16, 23.) In any event, defendant's trial counsel declined to raise the issue at his sentencing hearing. We deny defendant's request for a new hearing.

## DISPOSITION

The parole revocation restitution fine of $240 shall be stricken and the abstract of judgment shall be corrected to exclude this fine. Furthermore, the court's ex parte

minute order dated January 11, 2012, shall be stricken.  As so modified, the judgment is affirmed.

                                                _____

                                                MÁRQUEZ, J.

I CONCUR:

_____

RUSHING, P.J.

9

Grover, J., Concurring

I respectfully concur in the judgment. With respect to the trial court's imposition of a $240 restitution fine, I believe defendant has shown a reasonable probability that an objection from counsel would have resulted in the imposition of the minimum statutory fine of $200 in effect as of the date of the offense. The minimum fine under Penal Code section 1202.4 was increased to $240 effective January 1, 2012 (Stats. 2011, ch. 358 § 1 (AB 898)), ten days before defendant was sentenced. The record reveals absolutely no deliberation about imposing a restitution fine in an amount other than the statutory minimum. Although I agree with the majority that the trial court had discretion to impose an amount greater than the $200 minimum under the previous version of the statute (Stats. 2011 ch. 45 § 1 (SB 208)), nothing in this record convinces me that the trial court actually intended to do so.

The foregoing notwithstanding, it is not clear that defendant has fully met his burden under both prongs of *Strickland v. Washington* (1984) 466 U.S. 668 cited by the majority. As defendant has not sufficiently eliminated a tactical or other explanation for trial counsel's failure to question the amount of the restitution fine, I concur with the majority that reversal of the judgment due to ineffective assistance of counsel is not warranted.

 

_____

      Grover, J.