Filed 2/28/22  P. v. Rivera CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GABRIEL RIVERA, JR.,<br><br>    Defendant and Appellant. | F081880<br><br>(Super. Ct. No. F18907526)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Michael G. Idiart, Judge.

Richard M. Oberto for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Cavan M. Cox II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# INTRODUCTION

In 2018, defendant Gabriel Rivera, Jr. was arrested in connection with an alleged robbery and assault that occurred during a prearranged drug deal. He was charged with five felonies: second degree robbery (Pen. Code, § 211; count 1),[1] assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 2), possession of a firearm in violation of a probation condition (§ 29815, subd. (a); count 3), unlawful possession of ammunition (§ 30305, subd. (a)(1); count 4), and carrying a loaded firearm not registered to him in public (§ 25850, subds. (a), (c)(6); count 5).

In July 2020, defendant entered a *West*[2] plea of no contest to count 1, second degree robbery, and count 5, carrying a loaded firearm in public. The other three charges were dismissed, and the trial court gave an indicated sentence of three years in prison, maximum. In August 2020, the trial court denied defendant's request for probation and imposed the lower term of two years in prison on count 1 and a concurrent term of 16 months on count 5.

On appeal, defendant claims the trial court failed to advise him of his right to be personally present at his sentencing hearing and failed to secure a personal waiver of that right, in violation of his constitutional and statutory rights. Defendant asserts the error entitles him to automatic reversal, but, alternatively, he is entitled to reversal under *Chapman*.[3] Defendant also claims the trial court abused its discretion when it denied his request for probation.

The People dispute any errors occurred and contend that any error in failing to advise defendant he had the right to personally appear at his sentencing hearing was harmless.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] *People v. West* (1970) 3 Cal.3d 595 (*West*).

[3] *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*).

We conclude that, assuming error, the trial court's failure to advise defendant he had a right to personally appear and failure to secure a waiver of that right was harmless beyond a reasonable doubt. Further, the trial court did not abuse its discretion in denying probation, and we affirm the judgment.

**DISCUSSION**

## I. Right to Personally Appear at Sentencing Hearing

When defendant entered his plea during a remote hearing, the trial court advised him of his right to be personally present and defendant waived that right. However, at the remotely held sentencing hearing the next month, the trial court failed to advise defendant of his right to appear personally or secure a waiver of that right. Defendant, who was not in custody and was present in the courtroom, now argues that the trial court's failure to advise him of his right to appear before the judge personally and failure to secure a waiver of that right is reversible per se. Alternatively, he claims he is entitled to reversal under *Chapman* because the error was not harmless beyond a reasonable doubt.

The People contend that defendant was personally present in the courtroom, and that emergency rules adopted in response to the COVID-19 pandemic authorized the judge and court staff to appear remotely without his consent. They also contend that any error was harmless.

### A. Legal Principles

"'A criminal defendant's right to be personally present at trial is guaranteed under the federal Constitution by the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment. It is also required by section 15 of article I of the California Constitution and by sections 977 and 1043.' [Citation.] 'Under the Sixth Amendment, a defendant has the right to be personally present at any proceeding in which his appearance is necessary to prevent "interference with [his] opportunity for effective cross-examination."' [Citations.] 'Due process guarantees the right to be present at any "stage that is critical to [the] outcome" and where the defendant's

3.

"presence would contribute to the fairness of the procedure."' [Citations.] '"The state constitutional right to be present at trial is generally coextensive with the federal due process right. [Citations.]"'" (*People v. Blacksher* (2011) 52 Cal.4th 769, 798–799, fn. omitted.)

It is well settled that the constitutional and statutory right to be present at all critical stages includes sentencing. (*People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1414, quoting *People v. Robertson* (1989) 48 Cal.3d 18, 60; Cal. Const., art. I, § 15; §§ 977, 1043.) However, "[a] defendant may waive [his] constitutional right to be present for sentencing 'as long as [his] waiver is voluntary, knowing and intelligent.'" (*People v. Nieves* (2021) 11 Cal.5th 404, 508.) A defendant may also waive his statutory right to be present. (§§ 977, subd. (b)(2), 1043, subd. (d).)

Where there is error, "'[d]efendant has the burden of demonstrating that his absence prejudiced his case or denied him a fair trial.'" (*People v. Blacksher, supra*, 52 Cal.4th at p. 799.)[4] "Under the federal Constitution, error pertaining to a defendant's presence is evaluated under [*Chapman*'s] harmless-beyond-a-reasonable-doubt standard …." (*People v. Davis* (2005) 36 Cal.4th 510, 532; accord, *People v. Mendoza, supra*, 62 Cal.4th at p. 902.) Where the error is merely statutory, it "'"is reversible only if it is reasonably probable the result would have been more favorable to [the] defendant absent the error." [Citation.]'" (*People v. Avila* (2006) 38 Cal.4th 491, 598, quoting *People v. Moon* (2005) 37 Cal.4th 1, 21; accord, *People v. Mendoza, supra*, at p. 902; *People v. Davis* (2009) 46 Cal.4th 539, 611.)

---

**4** Defendant's reliance on *Levi* for the proposition that he is entitled to reversal per se is misplaced. (*In re Levi* (1952) 39 Cal.2d 41, 45.) The petitioner in that case was not represented by counsel when judgment was pronounced and was not advised he had a right to counsel. (*Id.* at pp. 45–47; see *Neder v. United States* (1999) 527 U.S. 1, 8–9 [constitutional error deemed structural "only in a 'very limited class of cases,'" such as where a denial of counsel occurred]; accord, *People v. Mendoza* (2016) 62 Cal.4th 856, 900–902.)

## B.    Any Error Harmless

In response to the COVID-19 pandemic and pursuant to the Governor's Executive Order No. N-38-20, the Judicial Council of California enacted a number of emergency rules, effective April 6, 2020.  (*E.P. v. Superior Court* (2020) 59 Cal.App.5th 52, 55.)  At the time of defendant's sentencing hearing, California Rules of Court, Appendix I, emergency rule 3,[5] provided, in relevant part:

> "Notwithstanding any other law, in order to protect the health and safety of the public, including court users, both in custody and out of custody defendants, witnesses, court personnel, judicial officers, and others, courts must conduct judicial proceedings and court operations as follows:

> "(1)    Courts may require that judicial proceedings and court operations be conducted remotely.

> "(2)    In criminal proceedings, courts must receive the consent of the defendant to conduct the proceeding remotely and otherwise comply with emergency rule 5.  Notwithstanding Penal Code sections 865 and 977 or any other law, the court may conduct any criminal proceeding remotely. As used in this rule, 'consent of the defendant' means that the consent of the defendant is required only for the waiver of the defendant's appearance as provided in emergency rule 5.  For good cause shown, the court may require any witness to personally appear in a particular proceeding.

> "(3)    Conducting proceedings remotely includes, but is not limited to, the use of video, audio, and telephonic means for remote appearances; the electronic exchange and authentication of documentary evidence; e-filing and e-service; the use of remote interpreting; and the use of remote reporting and electronic recording to make the official record of an action or proceeding."  (Emergency rule 3(a).)

Emergency rule 5(b) provided, in relevant part:

> "(1)    With the consent of the defendant, the court must allow a defendant to waive his or her personal appearance and to appear remotely, either through video or telephonic appearance, when the technology is available.

---

[5]    All further rules references are to the emergency rules of the California Rules of Court, unless otherwise specified.

"(2)    With the consent of the defendant, the court must allow a defendant to waive his or her appearance and permit counsel to appear on his or her behalf.  The court must accept a defendant's waiver of appearance or personal appearance when:

"(A)    Counsel for the defendant makes an on the record oral representation that counsel has fully discussed the waiver and its implications with the defendant and the defendant has authorized counsel to proceed as counsel represents to the court;

"(B)    Electronic communication from the defendant as confirmed by defendant's counsel; or

"(C)    Any other means that ensures the validity of the defendant's waiver."  (Emergency rule 5(b).)

Emergency rule 5(c)–(d) further provided, in relevant part:

"The court must accept defense counsel's representation that the defendant understands and agrees with waiving any right to appear unless the court has specific concerns in a particular matter about the validity of the waiver."  (Emergency rule (c)(3).)

"For appearances by counsel, including where the defendant is either appearing remotely or has waived his or her appearance and or counsel is appearing by remote access, counsel must confirm to the court at each hearing that the appearance by counsel is made with the consent of the defendant."  (Emergency rule (d)(2).)

The parties offer competing interpretations of the emergency rules, but there is no dispute that defendant was not advised of a right to personally appear at the sentencing hearing and neither defendant nor his counsel waived his right to appear personally.  The People do not attempt to explain how defendant's personal presence in the courtroom but without the judge imposing the sentence serves "the fairness of the procedure" with which due process is concerned.  (*Kentucky v. Stincer* (1987) 482 U.S. 730, 745; accord, *People v. Perry* (2006) 38 Cal.4th 302, 312.)  However, in this instance, the error complained of was unquestionably harmless beyond a reasonable doubt, as the People contend, and we resolve it on that ground.

Defendant claims the error was prejudicial because the trial court failed to ascertain whether he could see and hear the court, and never told him whether he could speak up and communicate with the court. Further, he contends that had he been present, he could have clarified whether he wanted to make a final statement; he could have "helped his case … by explaining his remorse, acceptance of responsibility, and presentence rehabilitation"; and he may "have needed additional time to gather documents and witness statements," which he could have clarified had he been present.

We are unpersuaded. As an initial matter, defendant was not unfamiliar with remote proceedings, as he appeared remotely just a month earlier when he entered his plea. The record is devoid of any indication that defendant could not see or hear the proceeding, or that he desired to communicate with the court and was not permitted to do so. To the contrary, when asked at the end of the hearing if he understood his appellate rights, he responded affirmatively.

With respect to making a statement or presenting evidence, the record is also devoid of any indication that defendant desired to make a statement or that he or his trial counsel were unprepared to proceed and desired a continuance. Decisions regarding whether to make a statement or what evidence to prepare and produce are inherently tactical, and defendant was represented by counsel, who is presumed competent. (*People v. Barrett* (2012) 54 Cal.4th 1081, 1105.) Here, the probation report reflected that defendant accepted responsibility and expressed a desire to move forward and "be a good example for [his] family"; and during the sentencing hearing, trial counsel specifically addressed defendant's early acceptance of responsibility, his deep remorse, and his gainful employment. Furthermore, we do not interpret counsel's comment about defendant's employer's "recommendation[]" as indicating the existence of documentary evidence that was not presented. Rather, viewed in context with counsel's argument, it appears defendant's employer provided an assurance that defendant would always have a job.

7.

Defendant appeared at the sentencing hearing, albeit remotely; he was represented by counsel; and the record does not reflect any difficulties or irregularities attributable to defendant's remote appearance. (*People v. Nieves, supra*, 11 Cal.5th at p. 509 [the defendant's absence from restitution hearing not prejudicial where she was represented by counsel and nothing in record indicated she would have added any significant information to the issues or to counsel's argument].) Under these circumstances, the trial court's failure to advise defendant of his right to appear in person and failure to secure a waiver of that right was clearly harmless beyond a reasonable doubt. (*People v. Davis, supra*, 36 Cal.4th at p. 532.) The error was also necessarily harmless under the state's less demanding reasonable probability standard. (*People v. Avila, supra*, 38 Cal.4th at p. 598.)

## II. Denial of Probation

As set forth in the probation report, the probation officer found no aggravating or mitigating factors related to the crime, but found the following aggravating factors related to defendant: he "engaged in violent conduct which indicates a serious danger to society"; his "prior convictions … are numerous or of increasing seriousness"; and he "was on probation or parole when the crime was committed." In mitigation, he "voluntarily acknowledged wrongdoing before arrest or at an early stage of the criminal process." The probation officer found defendant was statutorily eligible for probation, but recommended probation be denied given his level of escalating criminality, and his disregard for the victim and community. After the parties argued the matter during the sentencing hearing, the trial court denied probation, based on "the severity of the facts … and the way the victim was treated and battered."

Defendant disputes the severity of the victim's injuries and argues that denial of probation was not warranted by his prior record, misdemeanor probation, or the facts of the case. He claims the denial of probation amounted to an abuse of the court's discretion.

8.

The People contend that the denial of probation was well supported given defendant's criminal record, consisting of multiple misdemeanors; poor past performance on probation; the increasing severity in his criminal conduct; and his use of violence to commit the robbery, which was the result of sophisticated planning and resulted in injury to the victim.

## A. Legal Principles

"In most cases, the defendant is presumptively eligible for probation .…"  (Cal. Rules of Court, rule 4.413(a); accord, *People v. Moran* (2016) 1 Cal.5th 398, 402.) However, "'[p]robation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation.'" (*People v. Moran, supra*, at p. 402.)  "[A] grant of probation is an act of grace or clemency, and an offender has no right or privilege to be granted such release.  [Citation.] Stated differently, '[p]robation is not a right, but a privilege.'"  (*Ibid.*)

"'"A denial or a grant of probation generally rests within the broad discretion of the trial court and will not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary or capricious manner."  [Citation.]  A court abuses its discretion "whenever the court exceeds the bounds of reason, all of the circumstances being considered."  [Citation.]  We will not interfere with the trial court's exercise of discretion "when it has considered all facts bearing on the offense and the defendant to be sentenced."'  (*People v. Downey* (2000) 82 Cal.App.4th 899, 909–910.)  "'[O]nly in a very extreme case should an appellate court interfere with the discretion of the trial court in the matter of denying or revoking probation.…"'  (*People v. Rodriguez* (1990) 51 Cal.3d 437, 443.)"  (*People v. Kingston* (2019) 41 Cal.App.5th 272, 278; accord, *People v. Mehserle* (2012) 206 Cal.App.4th 1125, 1157.)

## B. No Abuse of Discretion

Although defendant accepted responsibility, expressed remorse, and was gainfully employed, he had multiple prior misdemeanor convictions for driving while under the

9.

influence, driving on a suspended license, and carrying a loaded firearm in public.[6] (Cal. Rules of Court, rule 4.414(b)(1).)  The robbery charge in this case, which was supported by surveillance video footage showing defendant and another man exit their vehicle and assault the victim, reflected an escalation in criminal conduct.  (*Ibid.*)  Further, defendant's statement to police reflects that the crime was preplanned and although the victim declined to be transported to the hospital, he sustained injuries to his head and elbow, and was treated at the scene.  (*Id.*, 4.414(a)(4).)

The trial court stated its reasons for denying probation (Cal. Rules of Court, rule 4.406; *People v. Mehserle, supra*, 206 Cal.App.4th at pp. 1157–1158), and those reasons were supported by substantial evidence (*People v. Weaver* (2007) 149 Cal.App.4th 1301, 1313, overruled in part on another ground by *People v. Cook* (2015) 60 Cal.4th 922, 939).  Defendant's disagreement with the decision is insufficient to show an abuse of discretion.

**DISPOSITION**

The judgment is affirmed.

MEEHAN, J.

WE CONCUR:

LEVY, Acting P. J.

PEÑA, J.

---

[6]    Vehicle Code sections 23152, former subdivision (e), 14601.2, subdivision (a); Penal Code section 25850, subdivision (a).