Filed 2/7/25

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082662 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF26568) |
| JESSE GONZALEZ, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Imperial County, Christopher J. Plourd, Judge. Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Heather B. Arambarri and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

In a previous habeas corpus proceeding, we granted Jessie Gonzalez, Jr.'s request to have the trial court correct the number of custody credits he received at the time of his otherwise final 2012 judgment. (*In re Gonzalez* (May 25, 2023, D081697) [nonpub. opn.].) However, we denied his request to be personally present at the remand proceeding. (*Ibid.*)

On remand, the trial court adjusted the award of custody credits, but the total number of days remained incorrect. Gonzalez appealed. In response to a letter from appellate counsel, the trial court subsequently amended the abstract of judgment to correctly reflect 771 total credits.

In the present appeal, Gonzalez does not challenge this calculation. Rather, he contends the trial court's earlier incorrect award of presentence credits was an unauthorized sentence and that the trial court's recalculation of credits on remand constituted a new pronouncement of judgment entitling him to full resentencing under Penal Code[1] section 1170. Additionally, Gonzalez asserts the trial court violated his due process rights by conducting the hearing outside of his presence.

We conclude that a full resentencing was not warranted on remand and that Gonzalez was not entitled to be present when the court adjusted his credit total. Accordingly, we affirm.

## PROCEDURAL BACKGROUND[2]

In 2012, a jury convicted Gonzalez of attempted deliberate premeditated murder (§§ 664/187, subd. (a); count 1) and assault with a deadly weapon (§ 245, subd. (a)(1); count 2). As to both counts, the jury found true two enhancements for inflicting great bodily injury (§ 12022.7, subds. (a) & (b)). It further determined that he personally used a dangerous or deadly weapon in the commission of count 1 (§ 12022, subd. (b)(1)). On September 10, 2012, the trial court sentenced Gonzalez to an aggregate term

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

[2] Because the underlying facts are not important to the resolution of the issues before us, we omit the traditional recitation of facts.

of 17 years to life, with the possibility of parole, and gave him credit for 700 days served.

A month later, the court recalled Gonzalez's sentence pursuant to section 1170, subdivision (d) and resentenced him without specifying whether the sentence included the possibility of parole and without changing the credit total. On direct appeal, this court ordered corrections to the abstract of judgment to reflect that the sentence was life in prison with the possibility of parole plus six years for the enhancements. (*People v. Gonzalez* (Feb. 26, 2014, D063129) [nonpub. opn.].) It does not appear Gonzalez challenged the credit count, and all other aspects of the judgment were affirmed.

Gonzalez filed a petition for a writ of habeas corpus in December 2022, claiming that his sentence was never corrected following the direct appeal and that his presentence credits were calculated incorrectly. The trial court summarily denied the petition. Gonzalez then filed a habeas corpus petition in this court, arguing the abstract of judgment was never modified and that the trial court failed to recalculate his credits following the October 2012 recall of his original sentence. The Attorney General averred that the abstract of judgment had been corrected but conceded the custody credits should have been updated when the court amended the judgment following Gonzalez's direct appeal. In reply, Gonzalez requested that he be present when the lower court corrected his custody credits on remand. We granted the petition in part and remanded for recalculation of Gonzalez's custody credits but denied his request to be present. (*In re Gonzalez, supra,* D081697.)

Gonzalez immediately filed a motion asking the trial court to allow him to be present at the hearing and requesting resentencing under section 1170.

3

By chamber orders issued on June 23, 2023, the trial court denied Gonzalez's motion and ordered the abstract amended to reflect credit for a total of 759 days (659 custody credits and 100 conduct credits). The chamber orders indicate neither Gonzalez nor his attorney were present when the court issued these orders.

Gonzalez timely appealed. Subsequently, on January 10, 2024, Gonzalez's appellate counsel mailed a letter to the trial court notifying the court of an error in the new presentence custody credits calculation. On March 8, 2024, the trial court amended the abstract of judgment to reflect 671 actual days and 100 days of conduct credit, totaling 771 presentence credits.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. Following our invitation to do so, Gonzalez filed a supplemental brief. After reviewing both briefs, we requested supplemental briefing on the following issue: "Whether a remand for recalculation of presentencing credits constitutes a new pronouncement of judgment and entitles appellant to a full resentencing hearing under Penal Code section 1170."

DISCUSSION

Gonzalez argues his earlier sentence containing the incorrect custody credit calculation was unauthorized and that, as a result, he was entitled to a full resentencing upon remand. He further contends we must vacate the trial court's June 23, 2023 chamber order modifying his credits, and the court's subsequent modification of the abstract of judgment pursuant to appellate counsel's letter, because both were made without an oral pronouncement of judgment. The People respond that the full resentencing rule does not apply short of a vacatur of the judgment, which they contend did not occur in this

4

case. They further agree with our earlier conclusion that Gonzalez did not have a right to be present when the court modified his custody credits.

## I.

## Application of the Full Resentencing Rule

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9 (*Karaman*).) The subsequently prepared minute order or certified abstract constitutes the commitment document, which is "the order remanding the defendant to prison and is ' "the process and authority for carrying the judgment and sentence into effect." [Citations].' " (*Id.* at p. 344.)

When errors arise in passing judgment, we must determine whether the error is clerical or judicial. "The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' " (*In re Candelario* (1970) 3 Cal.3d 702, 705 (*Candelario*).) If the court orally pronounced the correct judgment, but it was not properly recorded in the minutes or abstract, the error is clerical. (C.f. *People v. Boyd* (2024) 103 Cal.App.5th 56, 63 (*Boyd*).) "It is not open to question that a court has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*Candelario,* at p. 705.) "The power is unaffected by the pendency of an appeal or a habeas corpus proceeding . . . [and] [t]he court may correct such errors on its own motion or upon the application of the parties." (*Ibid.*)

If the court errs in pronouncing the judgment, however, the error is judicial. (See *Candelario, supra*, 3 Cal.3d at p. 705.) Our colleagues in Division Two concluded this categorization also applies to custody credits, holding in a case with similar facts that when a trial court misstated the number of days of custody credits while rendering a judgment, the error

was a judicial one, not a clerical one. (*Boyd, supra*, 103 Cal.App.5th at p. 63.) Our high court has made clear that "[a]ny attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted." (*Candelario,* at p. 705.) It went on to explain, however, that "[a]n amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error, therefore, unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion." (*Ibid.*)

We agree the court made a judicial error in stating an incorrect custody credit calculation when pronouncing judgment. However, as discussed *post*, we find significant the high court's focus on whether correction of the error would impact the court's " 'deliberately exercised judicial discretion.' " (*Candelario, supra*, 3 Cal.3d at p. 705.)

Here, Gonzalez argues the court's improper calculation of presentence credits was an unauthorized sentence, that he was entitled to remand for a full resentencing, and that the trial court's recalculation of credits on remand constituted a new pronouncement of judgment. "Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*Karaman, supra*, 4 Cal.4th at p. 344.) However, an "unauthorized" sentence may be altered whenever it comes to the court's attention (see *id.* at p. 349, fn. 15; *People v. Codinha* (2023) 92 Cal.App.5th 976 (*Codinha*)) by way of a habeas corpus petition such as the one Gonzalez filed in this case. (*Boyd, supra*, 103 Cal.App.5th at p. 66.) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) "[L]egal error resulting in an

6

unauthorized sentence commonly occurs where the court violates mandatory provisions governing the length of confinement." (*Ibid.*)  A sentence that failed to award legally mandated custody credit has been found to be unauthorized.  (See *People v. Taylor* (2004) 119 Cal.App.4th 628, 647.)

Simply because part of a sentence is unauthorized does not mean the entire sentence is void, however.  (See *Boyd, supra*, 103 Cal.App.5th at p. 65 [an unauthorized sentence is "only 'subject to being set aside judicially,' not automatically void"]).[3]  Our Supreme Court has rejected the notion that a limited sentencing remand necessarily entails vacating the original sentence and inevitably requires a full resentencing.  (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 34–35 (*Buckhalter*), citing *People v. Rodriguez* (1998) 17 Cal.4th 253, 258.)  As the *Rodriguez* court explained, "[s]ection 1260, which sets out the permissible dispositions of a cause on appeal, permits the reviewing court to 'remand the cause to the trial court for such further proceedings as may be just under the circumstances.' " (*Rodriguez,* at p. 258.)  In the court's view, it could therefore remand a matter without requiring resentencing.  (*Ibid.*)

We conclude that what is proper under the circumstances presented here is to correct the credit count without vacating the convictions or associated sentences.  Because it is only *after* a sentence is vacated that the judgment becomes nonfinal and subject to the resentencing considerations (see *People v. Padilla* (2022) 13 Cal.5th 152, 161), we further conclude a full resentencing is not appropriate under these circumstances.

---

[3]     Neither does the fact that the case was remanded following habeas corpus review and then pursued on appeal demonstrate that the case is nonfinal, as Gonzalez argues in his supplemental brief.

Gonzalez maintains this court's decision in *Codinha, supra*, 92 Cal.App.5th 976 supports the conclusion that when a sentence is found to be unauthorized, the proper remedy is a full resentencing hearing. In *Codinha,* we determined that the trial court had imposed a legally unauthorized sentence by ordering two counts to run concurrently where the law required imposition of consecutive terms. (*Id.* at p. 991.) Our court independently discovered another error not addressed by the parties; namely, that the trial court failed to pronounce any sentence at all on two misdemeanor convictions. (*Id.* at p. 994.) Although the minutes from the initial sentencing hearing indicated the sentence was " 'Credit for Time Served,' " we held that before the court could give Codinha credit for time he had already spent in custody, it had to pronounce a proper sentence on those counts. (*Ibid.*)

In defining the scope of remand, we explained that "[t]he general rule is that on remand for resentencing the trial court is '[n]ot limited to merely [correcting] illegal portions' and 'may reconsider all sentencing choices. [Citations.] This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components. The invalidity of one component infects the entire scheme.' " (*Codinha, supra*, 92 Cal.App.5th at p. 994.) At the initial sentencing hearing, the trial court had found an eight-year term appropriate, but we noted that correcting the error in running two of the counts concurrently would increase the aggregate term by 16 months. (*Ibid.*) Because "the 'court did not impose the maximum sentence' and 'made various discretionary sentencing choices to structure [Codinha's] [eight]-year sentence,' " we concluded the court might choose to exercise its discretion differently on remand in light of the changed circumstances in order to impose a term as close as possible to the original eight-year term. (*Id.* at

8

p. 995.) In other words, because multiple counts and discretionary decisions were at play, we found it appropriate to remand for a full resentencing. (*Ibid.*)

The instant case is distinguishable. In *Codinha*, the trial court had made discretionary decisions as to each count, and the errors to be corrected all required the court to reevaluate its discretionary choices. Here, by contrast, the trial court had no discretion—it simply had to recalculate the number of days of custody credit. (See *People v. Aguirre* (1997) 56 Cal.App.4th 1135, 1139 [explaining that "the calculation of credits is purely mathematical" and that "[t]he calculation of credits is not discretionary and there are no 'choices' "].) This process also would not in any way impact the convictions for any of the counts for which the jury found Gonzalez guilty or the sentences imposed for each count.

Gonzalez has not directed us to any authority that the full resentencing rule must be applied where neither a conviction nor any sentence resulting therefrom has been vacated or modified. The California Supreme Court and the Courts of Appeal have applied the full resentencing rule to cases where the trial court struck or reduced one or more counts of conviction on appeal (see, e.g., *People v. Navarro* (2007) 40 Cal.4th 668, 671, 681–682 [remanding for full resentencing where conviction supported by insufficient evidence was modified to reflect conviction for lesser included offense with longest prescribed prison term]; *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1259 (*Burdine*) [concluding that when appellate court reverses one count of a felony conviction, on remand, "the trial court has jurisdiction to modify every aspect of the defendant's sentence on the counts that were affirmed"]), where a state proposition or statute rendered the sentence subject to recall (see, e.g., *People v. Carter* (2023) 97 Cal.App.5th 960, 977 [requiring full resentencing

9

on remand where court struck one-year prison prior pursuant to the recall provision of section 1172.75]; *People v. Buycks* (2018) 5 Cal.5th 857, 894–895 [allowing full resentencing, including consideration of any challenges to any prison prior enhancements, following reduction of a felony conviction to a misdemeanor under Proposition 47]), and where the trial court was unaware of its sentencing discretion (see, e.g., *People v. Henderson* (2022) 14 Cal.5th 34, 56 [remanding for a full resentencing where "the trial court's comments at sentencing suggested it did not believe it had that discretion"].) The rationale for authorizing the trial court to exercise its full discretion is based on the "inherently integrated nature of a felony sentence under the current statutory scheme" (*Burbine, supra*, 106 Cal.App.4th at p. 1258), and the understanding that the trial court may desire to "rethink the entire sentence to achieve its original and presumably unchanged goal" (*People v. Hill* (1986) 185 Cal.App.3d 831, 834). However, neither this rationale nor the cases applying the full resentencing rule demonstrate that it should be applied where the remand is solely for purposes of correcting a credit calculation. In other words, even though the credit portion of the sentence was "unauthorized," Gonzalez has not shown the entire sentence was or must be vacated. And, because the original sentence need not be vacated, there is no need for the trial court to conduct a full resentencing and orally pronounce a new judgment.

A recent decision from Division Two of this district supports this conclusion. In *Boyd*, the reviewing court rejected Boyd's similar contention that he was entitled to a full resentencing when the trial court corrected its error in calculating his custody and conduct credits. (*Boyd, supra*, 103 Cal.App.5th at pp. 61, 72, 74.) Relying on *In re Sandel* (1966) 64 Cal.2d 412 and *In re Walker* (1974) 10 Cal.3d 764, the *Boyd* court explained that, the fact

10

"[t]hat some part of a sentence is unauthorized does not necessarily mean that the entire sentence (or even part of the sentence) must be vacated." (*Boyd,* at p. 72.) In both cases, our high court ordered unauthorized portions of sentences modified without requiring a full resentencing. (*Id.* at pp. 72–73 citing *Sandel*, at pp. 418–419 and *Walker*, at pp. 770–771, 789–790.) Because "a correction to award seven more days of custody credits" was all that was required to correct Boyd's sentence, and Boyd had not demonstrated that this warranted vacating his entire sentence, the court declined to authorize a full resentencing. (*Boyd*, at pp. 73–74.)

Gonzalez acknowledges that cases such as *Boyd*, *People v. Macias* (1979) 93 Cal.App.3d 788, and *People v. Montalvo* (1982) 128 Cal.App.3d 57 "have held that a correction of credits, even if 'judicial error,' is a 'ministerial act' that involves no judicial discretion, and so the error can be corrected by amending the abstract of judgment without a resentencing hearing." However, he argues the instant case is distinguishable because the trial court's repeated miscalculation of credits was based on erroneous fact-finding.[4] Gonzalez does not further explain this argument, and we fail to see how this renders the situation different from other cases in which the court incorrectly calculated credits. Even though accepting and evaluating evidence of the appropriate computation of credit days may constitute fact-finding, a court's conclusion as to whether there is sufficient evidence that a

---

4      Gonzalez attempts to bolster his argument and present it as analogous to *Codinha* by highlighting that the error in calculating custody credits was combined with the court's initial error of failing to state that he was subject to a life sentence *with* the possibility of parole. However, the court's error in pronouncing his life sentence was rectified on direct appeal, and any question regarding whether the error was corrected properly is not part of the instant appeal.

11

defendant is entitled to certain custody credits is not equivalent to the discretion to choose between various sentencing options. Only the trial court's exercise of the latter is relevant to determining whether full sentencing discretion is warranted on remand.

In sum, even though the sentence was unauthorized, Gonzalez has not shown the entire sentence was or should have been vacated. Accordingly, the court's recalculation of custody credits did not warrant a full resentencing and a new pronouncement of judgment.[5]

## II.

### Oral Pronouncement of Judgment

Gonzalez next argues the trial court violated his constitutional due process rights by modifying his credits in his absence and without a hearing. He contends that remand for a full resentencing, where he is present, is necessary to ensure the procedural safeguards of due process are met. In the event we do not find it appropriate to remand for a full resentencing, Gonzalez maintains we still must remand for a recalculation of credits hearing and that he and his counsel should be allowed to attend. We disagree.

" 'On appeal, we apply the independent or de novo standard of review to a trial court's exclusion of a criminal defendant from pretrial and trial proceedings, either in whole or in part, "insofar as the trial court's decision entails a measurement of the facts against the law." ' " (*People v. Virgil* (2011) 51 Cal.4th 1210, 1235.)

---

[5] Because we conclude the court was not required to resentence Gonzalez on remand, we reject his arguments in his supplemental brief that the court should have considered pursuant to section 1170, subdivision (b)(6) whether his youth, childhood trauma, and mental illness were mitigating factors in the crimes for which he was sentenced.

Gonzalez cites to *In re Levi* (1952) 39 Cal.2d 41 (*Levi*), as holding that "judgment and sentence in felony cases may be imposed only in the presence of the accused.  If judgment is pronounced in his absence, and no justifying circumstances are shown, the judgment must be set aside.  [Citations.]  [¶]  A defendant has substantial rights at the time he is arraigned for judgment, because he may be able to show good cause why the judgment should not be pronounced against him. . . .  If judgment is pronounced in his absence, he is deprived of these rights." (*Id.* at p. 45.)  However, the examples cited in *Levi* demonstrate that the accused's right to be present protects his or her right to argue a sentence should not be imposed at all.[6]

The rights to avoid being sentenced at all, or to argue that discretion should be exercised differently so as to decrease the sentence imposed, are conceptually different than any rights related to the recitation of the custody credit calculation.  Section 2900.5 contemplates credits consisting of time served that is *deducted from* the total term of imprisonment imposed. (§ 2900.5; *Buckhalter, supra,* 26 Cal.4th at p. 33.)  Thus, as previously explained, when the trial court modifies the credit count, the term of imprisonment pronounced based on the convictions is not affected.  Therefore, the court need not vacate the prior judgment.  Because the prior judgment was not vacated here, a new pronouncement of judgment was not required, and neither was Gonzalez's presence.

Gonzalez also asserts that section 2900.5, subdivision (d) and California Rules of Court, rule 4.310 require the defendant and his attorney to be present at the time the sentence is pronounced and that any challenges

---

6      The cited examples include where there is good cause to believe the defendant is insane, entitled to a new trial, or eligible for an arrest of judgment.  (*Levi, supra*, 39 Cal.2d  at p. 45.)

13

to the probation officer's report regarding custody credits must be heard at the time of sentencing. However, even if we accept either this state law argument that the trial court was required to orally pronounce judgment in their presence after modifying the credits or his federal due process claim, Gonzalez has not demonstrated that he has in any way been prejudiced by the failure. (See § 1404 ["Neither a departure from the form or mode prescribed by this Code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right"]; *People v. Mendoza* (2016) 62 Cal.4th 856, 901–902 [violations of defendant's statutory right to be present during critical stages are subject to harmless error review]; *People v. Cunningham* (2015) 61 Cal.4th 609, 635 [same].) An error of state law is harmless unless the defendant shows that it is reasonably probable a more favorable result would have been obtained absent the error. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) " 'Under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless-beyond-a-reasonable-doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 23.' " (*Mendoza,* at p. 902.) Gonzalez has not made a showing under either standard. Although Gonzalez may have brought the calculation error to the court's attention had he been present when the court issued the June 23, 2023 order, thereby averting the need for the subsequent appeal and letter to the court, he has not demonstrated any prejudice from the delay. Gonzalez now has an abstract of judgment indicating the proper number of credits[7] and that his indeterminate sentence

---

7    The March 8, 2024 abstract of judgment reflects the 771 total credits requested by appellate counsel, and nowhere in his briefing does Gonzalez claim that this total is incorrect. To the contrary, in his reply brief, he

is with the possibility of parole. The fact that he may have obtained a favorable result *sooner* is insufficient to demonstrate prejudice where the error did not prevent him from being released from incarceration.

We also cannot discern what possible prejudice could be corrected by remand for an oral pronouncement of judgment. In our view, to remand now so that Gonzalez may stand there while the credits are again correctly recorded would be a misuse of judicial resources. (See *In re G.C.* (2020) 8 Cal.5th 1119, 1131 quoting *In re Manzy W.* (1997) 14 Cal.4th 1199, 1209 [explaining it has previously held that even when a court has failed to comply with a mandatory duty, the error "d[oes] not automatically invalidate the judgment" and that " 'when remand would be merely redundant, failure to comply with the statute would amount to harmless error' "].)

DISPOSITION

The order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.

---

acknowledges "the trial court corrected the presentence credit error by amending the abstract of judgment on March 8, 2024."