Filed 6/21/22 P. v. Velasquez CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOSE VELASQUEZ,<br><br>     Defendant and Defendant. | A159797<br><br>(Contra Costa County Super. Ct. No. 51510692) |

### MEMORANDUM OPINION[1]

In 2016, a jury convicted defendant Jose Velasquez of a number of sexual assault crimes, including forcible rape and forcible sodomy, committed during a 2000 residential burglary and assault. The jury also found true several enhancement allegations.

In an unpublished opinion (*People v. Velasquez* (Oct. 18, 2018) A149205 [nonpub. opn.][2]), we ruled Proposition 57 applied retroactively to defendant and he was entitled to a juvenile transfer hearing. We therefore conditionally reversed his convictions and remanded for the trial court to hold a transfer hearing. In that appeal, we also rejected defendant's claim that his state and

---

[1] This appeal is appropriately resolved by Memorandum Opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2] The trial court took judicial notice of our prior opinion, as do we. (Evid. Code, §§ 452, 453.)

federal speedy trial rights had been violated because the Contra Costa District Attorney waited to serve the 2005 warrant for his arrest until 2014, when defendant completed a Washington State prison sentence for a 2001 rape in that state.

On remand, the trial court granted the prosecution's motion for transfer and subsequently resentenced defendant to 25 years to life. Defendant has again appealed, this time claiming he should have received the benefit of "concurrent" sentencing under Penal Code section 669.[3]

Section 669, subdivision (a) provides in pertinent part that when a defendant "is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts . . . , the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced shall run concurrently or consecutively." Subdivision (b) provides in relevant part that "[u]pon the failure of the court to determine how the terms of imprisonment on the second or subsequent judgment shall run" relative to a "prior *incomplete* term or terms of imprisonment," the "second or subsequent judgment shall run concurrently." (*Id.*, subd. (b), italics added.) Section 669, subdivision (b) does not "establish a presumption in favor of concurrent sentences." (*People v. Black* (2007) 41 Cal.4th 799, 822, overruled on another ground in *Cunningham v. California* (2007) 549 U.S. 270, 272-273.) Rather, it "merely provides for a default" if a trial court fails to exercise its discretion to impose consecutive sentences. (*Ibid.*)

In his opening brief, defendant maintained that since the trial court failed to specify whether his California sentence ran consecutively to, or

---

[3] All further statutory references are to the Penal Code unless otherwise indicated.

2

concurrently with, his Washington sentence, his California sentence must, under section 669, subdivision (b), run concurrently with his Washington sentence.

As the Attorney General pointed out in his respondent's brief, defendant's section 669, subdivision (b) argument suffers from an incurable flaw—defendant had already completed his Washington sentence *before* he was tried, let alone sentenced, in the instant case. Thus, there was no other prison sentence that he was then serving that could provide the means to concurrently serve some or all of his sentence in this case. There, likewise, was no basis for the trial court to specify under section 669 whether his sentence was to run consecutively or concurrently with a "prior incomplete" sentence in another case, as there was no such sentence.

As our high court explained in *In re Roberts* (1953) 40 Cal.2d 745, 749, sentences run concurrently during the period they "overlap." "[A] concurrent new term 'overlaps' the prior term to the extent service of the earlier sentence is not complete on the day the new term is imposed. '[S]entences may be concurrent, i.e., may run together, without starting together or ending together. What is meant is that they run together during the time that the periods overlap." (*People v. Bruner* (1995) 9 Cal.4th 1178, 1182, fn. 3 (*Bruner*), quoting *In re Roberts,* at p. 749.) Thus, a subsequent sentence can run concurrently with the remainder of a prior sentence. But this does not operate to "terminate or reduce the second or subsequent term." (*In re Roberts,* at p. 749.)

Defendant was not serving another prison sentence when he was sentenced in this case, as he had already completed his Washington state prison sentence. Thus, there were no "overlapping" sentences, and section 669 simply did not apply to this case.

In his reply brief, defendant does not dispute that he completed his Washington prison sentence before he was tried in the instant case. Rather, for the first time in his reply brief, he argues we should carve out an exception to the well-established definition of "concurrent sentences" our Supreme Court has articulated. Claiming he could have, and should have, been served with the 2005 California arrest warrant while he was serving his Washington sentence, he maintains the District Attorney unfairly deprived him of the benefit of concurrent sentencing under section 669 and thus urges that his current prison term should be deemed to have been served "concurrently" with his prior Washington sentence from at least 2005.

To begin with, the Courts of Appeal generally will not consider an alternative argument raised for the first time in a reply brief. (*People v. Peevy* (1998) 17 Cal.4th 1184, 1206; see *People v. Rangel* (2016) 62 Cal.4th 1192, 1218; *People v. Romero and Self* (2015) 62 Cal.4th 1, 25.) And we decline to do so here.

Even were we to consider the merits of defendant's belated argument, we would reject his proposed alternative definition of the term "concurrent sentences" as used in section 669. We are bound by the decisions of our high court (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455) and therefore will not depart from its consistent holdings that sentences run concurrently during the period they overlap. (E.g., *Bruner, supra,* 9 Cal.4th at p. 1182, fn. 3; *In re Roberts, supra,* 40 Cal.2d at p. 749.)

In support of his alternative construction of concurrent sentences, defendant cites to *In re Atiles* (1983) 33 Cal.3d 805, 810 (*Atiles*), overruled in *Bruner, supra,* 9 Cal.4th at pp. 1193-1194. In *Atiles,* the Supreme Court was concerned with the application of section 2900.5, governing the extent to which custody credits must be given for custody that is "' attributable to

4

[other] proceedings related to the same conduct for which the defendant has been convicted.' " (*Atiles,* at p. 808, italics omitted.) A bare majority concluded this included time "in presentence custody during which a restraint or restraints related to that conduct made it impossible for the defendant to obtain his freedom, regardless of whether the defendant was also subject to other restraints on his liberty." (*Id.* at p. 811.) The majority concluded that the sentencing court "is not required to eliminate all other possible bases for the defendant's presentence incarceration. The court need only determine that the defendant was not already serving a term for an unrelated offense when restraints related to the new charge were imposed on him, and the conduct related to the new charge is a basis for those restraints." (*Id.* at p. 810.) It justified its reading of the statute in part on the ground this would better effectuate concurrent sentences—absent the credits, "[t]he terms then are not truly concurrent since the effect of denying credit on the later terms is that they commence only on the date sentence is pronounced. . . . The Legislature has not either expressly or by implication indicated an intent to deny dual credit in any of these situations." (*Id.* at p. 813.)

In *Bruner,* the court pointed out that in *In re Joyner* (1989) 48 Cal.3d 487, it had strongly criticized the majority opinion in *Atiles,* including stating in *Joyner* that "*Atiles* had '[gone] astray' in concluding that section 2900.5 was intended to maximize the concurrency of sentences imposed in multiple proceedings." (*Bruner, supra,* 9 Cal.4th at p. 1190.) The court went on to squarely part company from the reasoning of *Atiles.* (*Id.* at pp. 1188-1192, 1194.) "[N]either the words nor the history of section 2900.5 implies that separately imposed criminal and revocation terms based on unrelated conduct should collapse into one simultaneous term whenever it happens that

5

there was some common factual basis for both proceedings." (*Id*. at p. 1193.) "Section 2900.5 is not intended to bestow the windfall of duplicative credits against all terms or sentences that are separately imposed in multiple proceedings." (*Id*. at p. 1191.) "Accordingly, when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail [and obtain credit again] simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*Id*. at p. 1194.)

In short, *Atiles* has no bearing on the issue before us. Not only did it concern a different statute governing custody credits, but the high court subsequently repudiated its reasoning in *Bruner*.[4]

## DISPOSITION

The judgment is AFFIRMED.

---

[4] Defendant's reliance on *People v. Kading* (1988) 204 Cal.App.3d 1500, is misplaced for similar reasons. It too involved custody credits under section 2900.5 and was decided well before *Bruner*. In that case, the defendant was serving a misdemeanor sentence when he was sentenced in a felony case. The court imposed, but suspended execution of, the felony sentence pending the determination of a petition to commit the defendant for drug treatment, during which time he remained in custody. (*Id*. at pp. 1503, 1508-1509.) Emphasizing the defendant had already been sentenced and would start serving his prison term as soon as the statutorily required medical examination was complete, the court approved "dual custody credit." (*Kading,* at p. 1509.) Thus, the case is not remotely comparable to the case at hand. Furthermore, the court in *Kading* reiterated the fundamental rule that concurrent sentences "meant that the misdemeanor sentence and the state prison sentence were to overlap." (*Ibid.*)

6

_____

Banke, J.

We concur:

_____

Margulies, P.J.

_____

Wiss, J.*

*Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A159797

7